IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 4, 2004 Session

## HELEN GLEASON v. DANIEL P. GLEASON, III

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 19165      J. S. Daniel, Judge**

**No. M2003-01580-COA-R3-CV - Filed August 27, 2004**

The trial court awarded Petitioner alimony arrearages of $7,250 plus interest. Respondent appeals, asserting the statute of limitations and the defense of laches. We modify the judgment of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Thomas F. Mink, II and Keith W. Blair, Nashville, Tennessee, for the appellant, Daniel P. Gleason, III

G. Sumner R. Bouldin, Jr., Murfreesboro, Tennessee, for the appellee, Helen Gleason.

### OPINION

This appeal is from an action to collect back alimony. Helen Gleason (Ms. Gleason) and Daniel P. Gleason, III (Mr. Gleason) were divorced in 1985 and Ms. Gleason was awarded alimony in futuro of $50 per month and child support. In 1989, Ms. Gleason filed a petition for contempt and to collect child support and alimony arrearages. On July 19, 1989, the trial court entered an agreed order reducing to judgment an alimony arrearage of $550. Mr. Gleason failed to fulfill his alimony obligation, and On June 8, 2001, Ms. Gleason filed her third petition for contempt. In her petition, Ms. Gleason submitted Mr. Gleason was in arrears of $7,200, and that the arrearage continued to accrue at the rate of $50 per month. In his answer to the petition, Mr. Gleason asserted the defenses of, *inter alia*, the statute of limitations and laches. He also counter-petitioned for modification of the March 1985 award of alimony in futuro, asserting the award should be terminated based on lack of need.

The cause was heard in April 2003. The trial court found Mr. Gleason in contempt, and awarded Ms. Gleason $7,250 for alimony arrearages. The trial court additionally awarded Ms. Gleason interest accruing at the statutory rate from and after the date on which each payment became due. At the time of the hearing, interest totaled $6,853.64. The trial court found Ms. Gleason was not guilty of laches. It also found there had been no material change in circumstances warranting modification of the alimony award and, accordingly, denied Mr. Gleason's counter-petition. Mr. Gleason appeals.

### *Issues Presented*

Mr. Gleason raises the following issues for review by this Court:

(1)     Whether the trial court erred in not applying the statute of limitations of ten (10) years on an award of alimony in futuro;

(2)     Whether the trial court erred in not applying the defense of laches for the undue delay in Helen Gleason's pursuit of alimony arrearage payments for a period of twelve (12) years;

(3)     Whether the trial court erred in not granting the counter-claim of Daniel Gleason to end the alimony in futuro obligations due to the change in circumstances of Ms. Gleason and her testimony as to her need for said alimony.

### *Standard of Review*

To the extent the issues on appeal involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *Sullivan v. Sullivan*, 107 S.W.3d 507, 509 (Tenn. Ct. App. 2002). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* at 510. With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Id.*

### *Analysis*

As a preliminary matter, we first address Ms. Gleason's assertion that, because Mr. Gleason has filed a statement of the evidence in lieu of a transcript, "it is conclusively presumed on appeal that the findings of fact made by the trial court are supported by the evidence, and must be accepted as true by the appellate court." Ms. Gleason cites *In re Rockwell*, 673 S.W.2d 512 (Tenn. Ct. App. 1983) , for the proposition that "[t]he Court must presume that every fact admissible under the pleadings either was found or should have been found in Appellee's favor."

In *Rockwell*, we stated, "[f]urther, in the absence of a transcript *or statement of the evidence*, we must conclusively presume that every fact admissible under the pleadings was found or should

have been found favorably to the appellee." *In Re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983)(citing *Wilson v. Hafley*, 189 Tenn. 598, 226 S.W.2d 308 (1949); *Kyritsis v. Vieron*, 53 Tenn. App. 336, 382 S.W.2d 553 (1964))(emphasis added). Under Rule 24(c) of the Tennessee Rules of Appellate Procedure, however, a statement of the evidence may be filed in lieu of a transcript. Any differences between the parties regarding the statement of the evidence may be submitted to the trial court for a determination of accuracy. Tenn. R. App. P. 24(c), 24(e). Absent extraordinary circumstances, the determination of the trial court is conclusive. Tenn. R. App. P. 24(e).

In this case, Mr. Gleason submitted a statement of the evidence to the trial court. Ms. Gleason submitted objections to Mr. Gleason's statement, and the trial court corrected Mr. Gleason's statement to "accurately reflect the testimony presented at trial." Clearly, the parties and the trial court followed the procedure prescribed in Rule 24. Ms. Gleason's assertion that we must presume that every fact under the pleadings was found favorably to the Appellee by the trial court is without merit.

We next address whether the trial court erred by not applying the ten-year statute of limitations found at Tennessee Code Annotated § 28-3-110(2).[1] Ms. Gleason agrees that the ten-year statute of limitations applies to alimony awards, but submits that there is no way to determine whether the statute was implicated in the trial court's judgment. She asserts, "[n]o indication is contained in the court's Order as to what period of time the arrearage encompassed." We disagree.

The right to enforce an alimony award accrues as each installment becomes due. *Gafford v. Gafford*, No. 01-A-01-9404-CV00178, 1994 WL 687077, at *4 (Tenn. Ct. App. Dec. 9, 1994) (*no perm. app. filed*). The statute of limitations begins to run from the date each installment is due for payment. *Id.* In this case, the parties' 1985 divorce decree ordered Mr. Gleason to pay periodic payments of $50 per month to Ms. Gleason. The statute of limitations began to run on each payment as it became due, and the statute bars enforcement of each payment after the ten-year limitations period has run. Accordingly, the trial court erred in not applying the ten-year statute of limitations to bar enforcement of monthly installments due prior to June 8, 1991. Additionally, although Ms. Gleason is entitled to interest on the arrearage, interest does not accrue on an installment of alimony until the date the payment is due. *Pertew v. Pertew*, No. 03A01-9711-CH-00505, 1999 WL 486917, at * 10-11 (Tenn. Ct. App. July 13, 1999) (*no perm. app. filed*) (citing *West American Ins. Co. v. Montgomery*, 861 S.W.2d 230, 232 (Tenn. 1993)). Thus Ms. Gleason is entitled to simple interest, without compounding, on alimony installments due on and after June 8, 1991. *See id.*

---

[1]The Code provides, in relevant part:

> The following actions shall be commenced within ten (10) years after the cause of action accrued:
>     . . . .
>         (2) Actions on judgments and decrees of courts of record of this or any other state or government[.]

Tenn. Code Ann. § 28-3-110(2)(2000).

We turn next to whether the trial court erred by not applying the doctrine of laches to bar Ms. Gleason's claim. Generally, the doctrine of laches applies to actions not governed by a statute of limitations. *Dennis Joslin Co. v. Johnson*, 138 S.W.3d 197, 201 (Tenn. Ct. App. 2003). It may be applied, however, even where the action is governed by a statute of limitations when the plaintiff is guilty of gross laches. *Id.* Additionally, laches is based on a finding of inexcusable, negligent, or unreasonable delay on the party asserting the claim which results in prejudice to the defending party. *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App. 1995). It is an equitable defense which requires the finder of fact to determine whether it would be inequitable or unjust to enforce the claimant's rights. *Id.*

Mr. Gleason asserts Ms. Gleason made no effort to enforce her right to alimony for a period of over 12 years, and that he was prejudiced in that a substantial award, plus interest, has now been adjudicated against him. The trial court, however, determined Ms. Gleason was not guilty of laches. The trial court found Mr. Gleason's testimony that the parties had agreed to forgive alimony obligations to be not credible. The trial court further determined that no prejudice had resulted as a result of Ms. Gleason's delay. Further, the statement of the evidence states that Ms. Gleason has resided in the same home since the parties were divorced in 1985. The statement further provides that Ms. Gleason testified that she did not pursue alimony earlier because Mr. Gleason already was refusing to pay child support and medical bills and because, for a substantial period of time, she did not know his whereabouts.

In light of the record, we do not believe gross laches exists in this case which would justify restricting the statutory limitations period. In this case, there has been no loss of evidence or witnesses, no change in the party's rights, no change in the value of the alimony award over time which would prejudice Mr. Gleason. Further, we accord great deference to the trial court's finding that Mr. Gleason's testimony regarding the parties' forgiving of the alimony award was not credible. *See, e.g., In re Adoption of M.J.S.*, 44 S.W.3d 41, 53 (Tenn. Ct. App. 2000).

We finally turn to whether the trial court erred by refusing to modify the 1985 award of alimony. An award of alimony may be modified upon a showing of a substantial and material change of circumstance which warrants modification. *Wright v. Quillen*, 83 S.W.3d 768, 772 (Tenn. Ct. App. 2002). The determination of whether modification of an alimony award is warranted is factually driven and requires a balancing of many factors. *Id.* Accordingly, we give wide latitude to a trial court's determination regarding a modification of alimony. *Id.* Having reviewed the record in this case, we cannot say the evidence preponderates against the trial court's determination that there has been no substantial and material change in circumstances which would warrant modification of the 1985 alimony award.

### *Holding*

In light of the foregoing, we affirm the trial court's judgment as modified. Under the statute of limitations found at Tennessee Code Annotated § 28-3-110(2), Ms. Gleason may not assert a claim for alimony installments due more than ten years prior to the filing of her petition on June 8,

2001. We affirm the award of alimony installment payments of $50 per month due on and after June 8, 1991. We additionally affirm the award to Ms. Gleason of simple interest, without compounding, on payments due on and after June 8, 1991. We remand this cause for modification of the judgment consistent with this opinion. Ms. Gleason asks this Court to find Mr. Gleason's appeal frivolous and requests attorney's fees on appeal. In light of our holdings on the issues presented, we decline. Costs of this appeal are taxed one-half to the Appellee, Helen Gleason, and one-half to the Appellant, Daniel P. Gleason, III, and his surety, for which execution may issue if necessary.

 

 

 

_____

DAVID R. FARMER, JUDGE