IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 14, 2011 Session

## KENNETH W. TAYLOR v. LAWRENCE COUNTY, TENNESSEE ELECTION COMMISSION ET AL.

**Appeal from the Chancery Court for Lawrence County**
**No. 1500610      Robert Lee Holloway, Jr. , Judge**

**No. M2010-02406-COA-R3-CV - Filed May 23, 2011**

Unsuccessful sheriff candidate sued to void the August 5, 2010 Lawrence County sheriff's election based on the ineligibility of one of the five candidates. The trial court found the challenged candidate ineligible but declined to void the election. On appeal, we find the plaintiff guilty of gross laches in waiting to file suit to the prejudice of the defendants. Therefore, we reverse the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

John Russell Parkes and Charles McIver Molder, Columbia, Tennessee, for the appellant, Kenneth  W. Taylor.

John Christopher Williams, Lawrenceburg, Tennessee, for the appellees, Lawrence County, Tennessee, Election Commission and June Davis.

Walter Charles Doerflinger, Lawrenceburg, Tennessee, for the appellee, Jimmy Brown.

## OPINION

This matter arises from the Lawrence County sheriff's election of 2010. The General Assembly determines the qualifications for sheriffs. TENN. CONST., Art. VII, Sec. 1. Among other things, in order to qualify for election to the office of sheriff, an individual must "[b]e a qualified voter of the county." Tenn. Code Ann. § 8-8-102(a)(3).

On January 20, 2010, Michael Risner applied to be a registered voter of Lawrence County. Tenn. Code Ann. § 2-2-120(a) states:

> The administrator of elections shall determine, from the registrant's answers to the questions on the permanent registration record and other questions, if necessary, whether the registrant is entitled to register. If the administrator determines that the registrant is entitled to register, the administrator shall declare the registrant a registered voter.

In response to questions from Lawrence County Administrator of Elections June Davis, Risner produced a Giles County driver's license[1] and a bill that had been mailed to him at his Lawrence County address. Risner signed the voter registration application and swore that the Lawrence County address on the application was his legal residence and that he intended to remain there. Davis took the additional step of calling the post office and verifying that Risner received mail in Lawrence County. Davis allowed Risner to register to vote and to pick up a petition to run for sheriff of Lawrence County. He soon filed his nominating petition.

Not long after Risner filed his nominating petition, then-sheriff Kenneth Taylor learned of Risner's candidacy for sheriff. Taylor testified that he mentioned his concerns about Risner's residency to Davis twice[2] and to the District Attorney once. Taylor said that he contacted the Peace Officer Standards and Training ("POST") Commission and asked that it verify whether Risner was "qualified to run for sheriff."[3] The POST Commission told Taylor to "take it up" with the Lawrence County Election Commission. Taylor never made a formal complaint to the administrator of elections or the Lawrence County Election Commission or even asked how to do so. Taylor testified that he did not have time during the campaign to figure out how to file a formal complaint against Risner, yet he had time to drive by the Lawrence County address where Risner claimed to live two or three times a week to look for signs of residential activity. Taylor further testified that he raised the issue of Risner's residency during the campaign.

---

[1]The driver's license is produced for identification purposes.

[2]Davis testified that she only remembered Taylor mentioning Risner's residency once and that it was more of a remark.

[3]Candidates for sheriff are required to file an affidavit and a certified confirmation of psychological evaluation form with the POST Commission. Tenn. Code Ann. § 8-8-102(b)(1)(A) & (B). The affidavit must affirm that the candidate meets the requirements for serving as sheriff. Tenn. Code Ann. § 8-8-102(b)(1)(A). Those requirements include being "a qualified voter of the county." Tenn. Code Ann. § 8-8-102(a)(3).

During the campaign, Davis received some phone calls asking about Risner's residency. She stated that:

> I was referring them to the DA, that I was satisfied with his registration and his residency. But people were calling me, and I just referred them to the DA. And, yes, I spoke with the election commission about it, my election commission.[4] And we discussed it and I just referred them to the DA because I did not have concerns.

When the election for sheriff was held, the results were as follows:

| | |
|---|---|
| Jimmy Brown | 3516 votes |
| Kenneth W. Taylor | 3398 votes |
| Michael Risner | 2497 votes |
| Lee England | 332 votes |
| Pete Schrader | 175 votes |
| **Total** | **9918 votes** |

On August 20, 2010, Taylor filed an election contest pursuant to Tenn. Code Ann. § 2-17-101 *et seq.*, alleging that Risner was not a qualified voter of Lawrence County and, therefore, was not a proper candidate and should not have appeared on the ballot. He subsequently filed an amended complaint and sought a temporary restraining order to prevent Brown from taking the oath of office for sheriff of Lawrence County. The request for the temporary restraining order was denied. A bench trial was held on October 8, 2010. On November 15, 2010, the chancellor filed findings of fact and conclusions of law that found Risner was not a qualifed voter of Lawrence County and, therefore, not a qualified candidate for sheriff. However, the chancellor did not find sufficient proof of fraud or illegality to void the election. Taylor appealed.

STANDARD OF REVIEW

This court reviews the findings of fact of the trial court de novo with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The trial

---

[4]Although not raised by any party, we note that Tenn. Code Ann. § 2-2-120(c)(1) states that, "At least quarterly at a regularly scheduled county election commission meeting, every new voter registration form which has been filed since the last regularly scheduled meeting of the county election commission shall be inspected by a county election commission member of the majority party and the minority party." Thus, Risner's registration was presumably examined by members of the election commission in the late winter or early spring of 2010. The record does not reflect any concern about the registration on the part of the Lawrence County Election Commission or any action taken by that body regarding the registration.

court's conclusions of law are reviewed de novo without a presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

ANALYSIS

The defendants maintain that the doctrine of laches prevents Taylor from pursuing this litigation. Laches "is an equitable defense which requires the finder of fact to determine whether it would be inequitable or unjust to enforce the claimant's rights." *Gleason v. Gleason*, 164 S.W.3d 588, 592 (Tenn. Ct. App. 2004). Laches is established when there has been "neglect or omission to assert a right which, taken in conjunction with the lapse of time, causes prejudice to the adverse party." *First Am. Bank of Nashville, N.A. v. Woods*, 734 S.W.2d 622, 632 (Tenn. Ct. App. 1987). "Laches is actually based on equitable estoppel and is dependent upon the facts and the equities of each individual situation." *Clark v. Am. Nat'l Bank & Trust Co. of Chattanooga,* 531 S.W.2d 563, 572 (Tenn. Ct. App. 1974). The doctrine of laches may apply even though a statute of limitations has not run if the plaintiff is guilty of gross laches. *Gleason*, 164 S.W.3d at 592; *Dennis Joslin Co., LLC v. Johnson*, 138 S.W.3d 197, 201 (Tenn. Ct. App. 2003). Besides a lengthy and unreasonable delay, gross laches requires serious prejudice to the defendant, such as loss of evidence or significant financial cost. *Finova Capital Corp. v. Regel,* 195 S.W.3d 656, 660 (Tenn. Ct. App. 2005); *Dennis Joslin Co.*,138 S.W.3d at 201.

Taylor knew of Risner's candidacy not long after Risner filed his nominating petition in late January, so Taylor had concerns about Risner's residency for approximately six months before the August 2010 election. He filed no formal complaint about Risner's residency with the Lawrence County administrator of elections, the Lawrence County Election Commission, the District Attorney, the POST Commission or the Secretary of State's Division of Elections. He did not seek the advice of an attorney. Instead, he made Risner's residency a campaign issue.

All the while, the candidates were spending money on the election, citizens were donating money and time to the candidates of their choice, presumably including Risner, and Lawrence County was preparing for and, eventually, holding the election.[5] Davis testified that holding a new election would require Lawrence County to spend over $30,000. That amount does not include the money the candidates would have to raise and spend.

Based on Taylor's months-long delay in filing suit and the resulting prejudice to the county, the current sheriff, and others, we find that Taylor is guilty of gross laches and should not be allowed to pursue this litigation.

---

[5]Of course, elections for other county offices were held as well.

The trial court's order is reversed since it was not necessary to reach the issue of Risner's eligibility. Costs of appeal are assessed against the appellant, for which execution may issue if necessary.

_____

ANDY D. BENNETT, JUDGE