2014 VT 58

## Ellen Richard v. Gilles Richard

[99 A.3d 193]

No. 13-449

Present: Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.

Opinion Filed June 6, 2014

*Jared H. Cloutier* of *Law Office of William P. Neylon*, St. Johnsbury, for Plaintiff-Appellee.

*Kyle C. Sipples* of *Zuccaro, Willis & Sipples, P.C.*, St. Johnsbury, for Defendant-Appellant.

¶ 1. **Robinson, J.** Husband Gilles Richard appeals from a family court order awarding wife Ellen Richard interest on a payment due under the final divorce decree. Husband argues that the award of interest is an impermissible modification of the final decree. We affirm.

¶ 2. The parties were married for twenty-six years and divorced pursuant to a final divorce decree issued in December 2012. The unappealed judgment became final by operation of law on January 30, 2013. The final decree ordered husband to pay wife the sum of $11,500 pursuant to the following terms:

> [Husband] shall pay [wife] the sum of $11,500 cash on or before February 28, 2013. If necessary, [husband] shall take all steps necessary to borrow the necessary funds to make timely full payment in cash to [wife] or he shall timely take all steps necessary to take an early withdrawal from his retirement account or convey an interest

in his retirement account equal to $11,500.00 valued as of the day of transfer to [wife] at *his sole option.* In the event [husband] chooses to utilize his retirement funds to acquire the cash necessary to make the required payment to [wife], the amount of the payment may be reduced by one half of any tax penalty assessed against [husband] for early withdrawal. In all other respects the full amount of the costs and charges incurred by [wife] in connection with efforts to obtain the needed funds including attorney fees, interest charges, charges for preparation of [QDRO] if needed, loan application fees, etc., shall be born[e] solely by [husband].

On February 25, 2013, husband began the process of preparing a qualified domestic relations order (QDRO) to transfer a portion of his retirement account to satisfy the final decree's requirement. That process was not complete by February 28.

¶ 3. On March 1, 2013, one day after husband was supposed to transfer the payment in cash or by QDRO, wife filed a motion for contempt and to enforce the final decree. Husband opposed wife's motion, arguing that he timely initiated the transfer process by QDRO and that the final decree required him only to start the process, not actually transfer the funds by February 28. The decree cannot be interpreted, husband argued, to impose a February 28 deadline on transfer by QDRO because it can take anywhere from sixty to 120 days from the date a QDRO is first requested to the actual transfer of funds.

¶ 4. On April 9, 2013, the trial court entered an order on wife's motion indicating that a status conference would be scheduled to review the progress of husband's compliance with the final decree. The order further stated "Plaintiff is entitled to legal interest starting February 28, 2013 on the amount due on that date."

¶ 5. The QDRO was not completed and approved until April 15, 2013, and the funds were not transferred to wife until June 7. On June 18, the trial court issued an order on wife's motion for contempt and to enforce. The trial court denied wife's motion for contempt, stating that there was no evidence that husband's failure to comply with the final decree was willful. The court treated the motion to enforce as a motion for clarification of the pertinent provision of the final decree and added the following sentence to the final decree: "In the event payment is delayed for

any reason the Defendant shall pay interest at the legal rate from February 28, 2013 until the date that the required funds are delivered by Defendant to Plaintiff." On that basis, the trial court ordered husband to pay $373.30 interest for the lapse of time between February 28, when husband's transfer to wife was due, and June 7, when the transfer of funds actually took place.

¶ 6. Husband filed a motion for reconsideration and stay, arguing that the court lacked authority to modify the final decree by requiring payment of interest. The court denied husband's motion, and husband appealed the $373.30 award of interest.

¶ 7. On appeal, husband argues that while the trial court claimed it was clarifying the final divorce decree, it actually modified the order by fundamentally changing its terms. The court, husband argues, lacks authority — except in some limited circumstances not applicable here — to modify property distribution in a final divorce decree. Wife argues that the trial court has broad discretion when disposing of marital property in a final divorce decree, which also extends to subsequent enforcement of a decree. The court's authority to award interest is a matter of law we review de novo. *Office of Child Support ex rel. Lewis v. Lewis*, 2004 VT 127, ¶ 6, 178 Vt. 204, 882 A.2d 1128.

¶ 8. ■ The framing of this case as one involving a court's power to alter the terms of a property division order after the fact misses the mark. Generally, the Vermont Rules of Civil Procedure apply to family court judgments in actions for divorce. See 15 V.S.A. § 554(b) (stating that a divorce decree is a civil judgment under the civil rules); V.R.F.P. 4(a)(1) ("The Rules of Civil Procedure shall apply to actions for divorce . . . except as otherwise provided in [Rule 4]."). The civil rules provide for interest on judgments. V.R.C.P. 69. As the Reporter's Notes to V.R.C.P. 69 explain, Vermont law "has allowed interest after judgment at the statutory rate to compensate the judgment creditor for any delay in satisfaction." Reporter's Notes — 1981 Amendment, V.R.C.P. 69; see also *Brault v. Flynn*, 166 Vt. 585, 587, 690 A.2d 1365, 1367 (1996) (mem.) ("It is well established in Vermont that a party may recover postjudgment interest." (quotation omitted)).

¶ 9. ■ Pursuant to the final divorce judgment, husband had a fixed obligation to pay wife $11,500 in cash or through QDRO on February 28, and any delay in payment was subject to interest by

operation of law. The trial court's approach to ordering the statutorily due interest in this case was admittedly confusing — the court purported to add a "clarifying" provision to the final divorce decree, but the clarifying language was nothing more than a statement of the law that applies to post-judgment interest even without the "addition" to the decree. The trial court did not substantively modify its final property division after the fact; the language it purported to add to the final order was entirely redundant.

¶ 10. For that reason, we need not address husband's argument that a final divorce decree's disposition of property is final and not subject to modification, except in certain limited circumstances. See, e.g., *Viskup v. Viskup*, 149 Vt. 89, 90, 539 A.2d 554, 555-56 (1987). The trial court's ruling was not a substantive modification at all; the final order had the exact same implications for husband's obligation to pay, the timing of that obligation, and his liability for interest after the trial court's order as before. To the extent that husband argues that the absence of any reference to interest in the final divorce decree reflects "an implied ruling that no interest would accrue prior to transfer," regardless of husband's delay in making that transfer, the argument is squarely at odds with well-established law providing for post-judgment interest on fixed obligations.

¶ 11. ■ Further, the court did not err in awarding interest beginning February 28, 2013. The final decree unambiguously established February 28 as the deadline for payment of $11,500, whether in cash or by QDRO. Immediately following the statement setting the February 28 deadline, the provision required that husband "timely take all steps necessary" to make an early withdrawal from his retirement account or convey an interest in that account. The provision required that husband take *all* necessary steps to transfer the funds, and the timeliness of those steps refers to the February 28 deadline. The provision unambiguously required full payment, however obtained, by February 28.

*Affirmed.*