*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-261

DECEMBER TERM, 2015

| | |
|---|---|
| Kenneth Felis | } APPEALED FROM: |
| | } |
| | } Superior Court, Lamoille Unit, |
| v. | } Family Division |
| | } |
| | } |
| Vicki-Lee Felis | } DOCKET NO. 9-1-07 Ledm |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

In this post-judgment divorce proceeding, husband appeals the trial court's order granting wife's motion to enforce the division of property and denying husband's motions for an injunction and for relief from judgment. On appeal, husband argues that the court abused its discretion in construing the terms of the divorce order, denying his motion for an injunction, awarding interest on the amounts owed to wife, and in denying his motion for relief from judgment. We affirm.

The parties' divorce has spawned lengthy and contentious litigation. Following a long-term marriage, a final divorce decree was entered in December 2011. The basic facts are set forth in this Court's decision resolving husband's appeal of that order. Felis v. Felis, 2013 VT 32, 193 Vt. 555. The parties had five children and wife worked in the home full time providing the primary care for the parties' children. Husband ran several businesses, and at the time of the final hearing, the marital estate was valued at approximately nine million dollars. The trial court divided the marital property, which included real estate holdings, the marital residence, and commercial properties. The court indicated it was awarding wife 57% of the marital estate and specifically delineated that wife was to receive $850,000 from the parties' cash accounts. In a footnote, the court explained that if at the time of distribution the balance of the account differed from the value at the final hearing, the account should be distributed to the parties in the same percentages as the entire marital estate.

Husband appealed the final order. As related to the property distribution husband argued, among other things, that the court erred in counting certain expenditures against him. This Court agreed that there were insufficient findings to support that husband had dissipated certain assets, and reversed and remanded the property division. Id. ¶ 25. The other portions of the divorce order were affirmed, including the custody decision, the maintenance decision and the award of attorney's fees. On remand, the trial court concluded there was insufficient evidence for the court to find that the funds had been dissipated, and rebalanced certain aspects of the property division. To effectuate the change, the court increased husband's portion of the Merrill Lynch account by $125,000 and reduced wife's portion by $125,000 so that wife was entitled to

$725,000. To alleviate any confusion, the court also deleted the footnotes from the original decision that referred to pro rata distribution.

Husband appealed the revised decision, arguing that the trial court exceeded this Court's mandate. This Court affirmed, holding that the trial court acted within the scope of the remand and did not abuse its discretion in revising the property division award. Felis v. Felis, No. 2013-448, 2014 WL 3714663, at *2 (Vt. May 9, 2014) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx.

In November 2014, wife filed a motion for enforcement and to hold husband in contempt, alleging that he had not complied with the terms of the revised divorce order. Wife argued that husband had failed to pay amounts due to her pursuant to the order and requested entry of a separate monetary judgment. Husband opposed the motion, and filed motions for relief from judgment and for an injunction ordering wife to withdraw certified copies of the final order she had filed in several counties.

The court held a hearing on the motions. A major source of disagreement revolved around wife's entitlement to a cash judgment. As explained, the original divorce decree granted wife a cash award to be paid from "the Merrill Lynch or other cash accounts." Because the final order was stayed pending appeal, the funds were not immediately disbursed. During the litigation over the final order, a temporary order remained in effect, which required husband to pay wife $3500 weekly and to pay for property taxes and fuel expenses on the marital home. In addition, pursuant to the temporary order, husband had control of the parties' assets, including the cash accounts, and could use funds for "reasonable and legitimate business expenses." During the years of litigation over the final order, this account was depleted. Wife received money from the account in accordance with the weekly allowance due to her under the temporary order. Husband utilized the account for other expenditures as well. The most significant expense husband paid out of this account was $616,892 to pay off a mortgage on a commercial property and $141,353 in operating expenses for that property. After the divorce decree became final, the balance of the account was $80,789.64, and husband remitted this amount to wife. Husband argued that wife was not entitled to any further funds because her cash award was meant to come from the parties' cash accounts, and she had received the remainder of that account.

The court issued a written order in July 2015 resolving the parties' pending motions. The court found that husband had not complied with the final order by failing to make three payments to wife. First, the court found that pursuant to the final order wife was entitled to receive a cash award of $725,000. The court acknowledged that the cash accounts had been depleted since the issuance of the final order; nonetheless the court construed the final order as granting this amount to wife as a sum certain not dependent on the balance of the parties' cash accounts. The court also found however, that the weekly payments husband was making to wife pursuant to the temporary order were advances toward that property distribution. Deducting these payments, the court found that wife was owed a balance of $231,491.36, plus interest. Husband argued that he should not be held responsible for paying the remainder to wife where the account was dissipated for reasonable expenses. Specifically, he claimed he was justified in using the cash accounts to pay off the mortgage because the temporary order authorized him to pay "reasonable and legitimate business expenses" and he had notified wife in advance of his intent to use the funds in this manner. The court rejected this argument, explaining that even if this was a reasonable and legitimate expense, it did not relieve husband of his responsibility for paying wife the cash award. The court also confirmed husband's obligation to pay wife $300,000 in attorney's fees, and to give her 50% of an earn-out from a business interest of husband's. The court calculated

2

that these obligations, plus interest, amounted to $784,001.57, and granted judgment in wife's favor. The court denied husband's motions for relief from judgment and for an injunction.

On appeal, husband argues that the court improperly construed the language of the divorce order as to all three payments. According to husband, he was obligated to pay wife a cash award specifically out of the parties' cash accounts and he satisfied that obligation by remitting to wife the balance of that account of $80,789.64. He claims that he did not owe her the remainder of the $725,000 set forth in the divorce order.

Even accepting husband's contention that the divorce order obligated him to pay a set amount from the cash accounts, we conclude that husband was not relieved of that obligation under this set of facts. The cash accounts were depleted due to husband's own actions and choices. Husband cannot now claim an inability to comply with the requirement to pay the funds to wife where it was his own acts that caused the accounts to become depleted.

Husband's arguments do not persuade us otherwise. Husband argues that he was justified in using the funds in the account as he did and therefore he is not responsible for paying wife any further money. He raises several arguments along these lines. He contends the trial court erred when it stated that husband paid the mortgage on the commercial property "at his own risk" because although the property was distributed to him under the final order, during the pendency of the proceedings both parties remained personal guarantors of the property. Husband also claims that he properly notified wife of his intent to pay off the mortgage and because she did not object she is precluded now from arguing that the payoff was improper. Further, he contends that wife benefitted from the payoff because she was a personal guarantor on the loan. None of these arguments has any relevance to the critical finding that the account became depleted because husband's discretionary acts. Whether husband was authorized to make the payment and whether wife did not object to the payoff or benefitted from the payoff are irrelevant. Husband may have been authorized under the terms of the temporary order to pay off the commercial mortgage, but it was his choice to make that payment by using the cash accounts. He cannot now claim that his own discretionary act relieves him of his obligation under the final order to make a cash award to wife as part of the property distribution.

There is also no merit to husband's argument that the court lacked authority to require him to pay wife the balance of the cash award because the marital funds no longer existed. Husband contends this is akin to entering a property settlement in excess of the marital estate. See Schwartz v. Seldin-Schwartz, 165 Vt. 499, 503 (1996) (explaining that family court has authority in divorce to divide marital assets, but cannot award money exceeding value of marital estate). First, there is no indication that the amount owed to wife does not exist. Although it may not exist in a cash account, husband has significant other assets. Second, this situation is different from Schwartz insofar as this is an enforcement proceeding, not an appeal from a final property division. At the time of the final property division, there was no indication that the court awarded funds in excess of the value of the marital estate. Because the property award was correct when entered, the court's post-judgment order, which simply enforces that original award, is also proper. See Meyncke, 2013 VT 82, ¶ 25 (recognizing that trial court has discretion to account for changes in values of assets during period between when distribution is ordered and when distribution occurs).

Next, husband argues that the court abused its discretion in requiring him to pay $300,000 in attorney's fees. The 2011 order states that wife is to receive $300,000 in attorney's fees "off the top" before the marital assets are divided. Husband contends that this means he is responsible for half this amount and it was therefore error for the court make him personally

3

responsible for the entire amount. There was no error. The 2011 order entitles wife to receive $300,000 to compensate her for attorney's fees. The comment that wife should receive this "off the top" was an indication by the trial court in the original divorce decree that wife was to receive this money before any disbursement of the funds was made on a pro rata basis. Because the 2013 decision amended the initial property division to remove any pro rata distribution of the cash accounts, the need to pay wife "off the top" was no longer critical. The 2013 amendment did not, however, alter the fact that wife was entitled to $300,000 to compensate her for attorney's fees. It is undisputed that wife has not received this amount. Therefore, the court did not abuse its discretion in making husband personally responsible for this amount. Id.

Husband also contends that the court erred in ordering him to pay $72,415.77 plus interest to wife, representing 50% of an earn-out payment he received from one of his investments. Husband does not dispute the fact that the final order entitled wife to this payment; rather, he argues that this obligation was met because the earn-out money was deposited in the Merrill Lynch account, and wife received the balance of the money in that account. Husband's argument ignores the fact that although wife received the balance of the account, the court credited husband with making this payment to wife from the other amounts husband owed to her. Therefore, there was no error.

Husband further argues that the court erred in awarding wife interest on the amounts due to her. Husband contends that wife was not a judgment creditor within the meaning of Vermont Rule of Civil Procedure 69, and therefore wife was not entitled to interest. This Court has explained that interest may be recovered in a divorce proceeding. See Richard v. Richard, 2014 VT 58, ¶ 8, 196 Vt. 531. The court calculated interest on each of the amounts due to wife based on the time when those amounts were settled. Because the final order provided set amounts to be paid to wife, the trial court did not abuse its discretion in awarding wife interest on the amounts due to her under the final order. See id. ¶¶ 8-11 (affirming award of interest where divorce order provided for payment of sum certain).

Husband's remaining arguments relate to the court's denial of his motions for an injunction and for relief from judgment. The facts related to the former motion are as follows. After the divorce decree became final, wife's attorney filed a certified copy of the order in several counties in which there is real property, which was awarded to husband in the final order. Husband characterized these filings as creating a lien on his properties and moved to have wife withdraw the filings. Husband argued that there was no basis for a lien where the final order did not contain a provision for any particular security.

On appeal, husband renews these arguments. In support, he relies on Youngbluth, 2010 VT 40, ¶ 26, which explains that courts may not use enforcement proceedings "to add indemnity provisions that were not in the original property division order." See Sumner v. Sumner, 2004 VT 45, ¶ 9, 176 Vt. 452 (stating that where language in divorce decree does not specify that amount due is protected by security interest, no lien is created).

Pursuant to statute, when a certified copy of a divorce judgment is recorded in the land records where real property of the parties is located, it is "effective to convey or encumber the real estate in accordance with the terms of the judgment." 15 V.S.A. § 754. "The purpose of the statute is to eliminate the need to prepare and file instruments providing property interests created in a divorce or annulment decree, rather than to create property interests independent of the decree." Sumner, 2004 VT 45, ¶ 10. Whether a lien is created depends on the language of the decree itself. Id.

Thus, here, wife was entitled to file a certified copy of the judgment, but the effect of that filing was dependent upon "the terms of the judgment," 15 V.S.A. § 757, in the parties' final divorce order. Given that the recording did not create an automatic lien, the trial court did not abuse its discretion in denying husband's request to dissolve the lien. In any event, now that wife has a judgment against husband, that is the operative instrument, and the question of whether the final divorce order created an encumbrance on husband's property is moot.

Husband's final argument is that the court erred in denying his motion for relief from judgment and failed to adequately explain its decision. Motions for relief from judgment are subject to "the discretion of the trial court and [] not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." Richwagen v. Richwagen, 153 Vt. 1, 3-4 (1989).

Husband argues that he is entitled to relief from judgment because enforcement is inequitable, he has already paid wife substantial sums and the cash accounts have been depleted. The court concluded there were no grounds for relief from judgment because it had entered judgment for wife "essentially confirming the prior judgment." As explained above, husband's contention—both in defense to the motion to enforce and in support of his motion for relief from judgment—was that the final order granted wife particular sums from the parties' cash accounts and that because those accounts were depleted wife was owed nothing further. On the merits, the court did not accept husband's construction of the final decree, finding that husband owed wife sums certain pursuant to the final order, and that these amounts were not paid. Insofar as the court found no merit to husband's claim that wife's entitlement to the funds was linked to the balance of those cash accounts, the denial of the motion for relief from judgment was well within the court's discretion and its explanation was adequate.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice