VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-181

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2022

Tammy Rouse\* v. David Rouse
} APPEALED FROM:
} Superior Court, Franklin Unit,
} Family Division
} CASE NO. 74-3-16 Frdm
Trial Judges: John L. Pacht; Elizabeth
Novotny

In the above-entitled cause, the Clerk will enter:

Wife appeals from the trial court's order in these post-divorce proceedings. She argues that husband was obligated to pay interest on outstanding spousal maintenance payments and that the court erred in concluding otherwise in a June 2022 entry order. We affirm.

I.  Procedural History

A.  August 2019 Motion to Enforce

This case has a lengthy procedural history, which we must recount in some detail. The parties divorced in April 2017. Pursuant to their stipulated final divorce order, husband was required to pay wife a lump sum of $50,000 by April 2018 secured by a promissory note bearing 2.5% interest. Husband was also ordered to pay wife $2000 per month in spousal maintenance through May 2025. Husband neither paid wife the lump sum as ordered nor did he execute a promissory note. In August 2019, wife moved to enforce the property division award and husband moved to modify his maintenance obligation. Following a hearing, the court issued an order finding that as of February 2020, husband owed wife $20,075.36 for the property-settlement, which included interest. In its order, the court proposed temporarily reducing husband's maintenance to $1250 per month with an additional $750 going toward the property-settlement debt; husband would then pay the remaining maintenance due once he completed payment for the property settlement. Wife was willing to accept this proposal with certain conditions, but husband was not.

In a July 2020 order, the court temporarily reduced husband's maintenance obligation based on changed circumstances. It made the following findings. Husband works as a border patrol officer for United States Customs and earned not less than $105,000, not including overtime. Shortly after the parties' divorce, husband purchased a 2015 F-350 truck via a $42,000 bank loan. As a result, he was unable to refinance the former marital home to pay wife the lump sum she was owed. In June 2019, husband had his grandmother cosign a loan and he was approved to borrow $156,000. He was obligated to first pay certain debts with these funds, including the $43,061.53 balance due for the truck. Husband was left with $40,224.19, which he paid to wife. This left a balance owed to wife of $9,775.81 plus interest. Between April 2017 and April 2018, interest was set at 2.5%. Since April 2018, interest by law was set at 12% on the entire balance until the partial payment was made and the interest rate remained at 12% for the amount that remained due.

The court credited husband's testimony that he struggled to meet his expenses after taking out the large loan for his truck, at least until he was able to refinance his home. Husband put in additional hours at work to earn more money. At the time of the hearing, husband owed the IRS $12,660 and he had student loan debt for the parties' son of $21,000. He had approximately $8725 in credit card debt and he also had payments on a loan taken against his retirement account. His total monthly expenses were $10,816, which included considerable costs associated with his vehicles. Husband testified that he was trying to sell several of his vehicles but had been unable to do so.

Wife worked full-time and earned $2383 per month. She had worked only part-time at the time of the divorce for medical reasons and her income had increased steadily, though not unexpectedly, since that time. At the time of the divorce, wife was living in an apartment and she hoped to purchase a home using the lump sum from husband. Wife now lived with her boyfriend in a home that he owned. She paid rent to her boyfriend and shared in the cost of utilities. Her housing costs had decreased and her housing had improved. Wife's health insurance costs had greatly increased, however, rising from $186 per month to $551 per month. Wife had considerable debt, including approximately $10,000 in credit card debt, over $5000 in personal loans, and medical and IRS debt of over $10,000. Her monthly expenses approximated the amount she received in salary and maintenance.

Based on these and other findings, the court concluded that there was a real, substantial, and unanticipated change in circumstances that warranted a temporary reduction in husband's maintenance obligation. It found that husband's financial circumstances had worsened since the divorce, some of which was his own doing and some of which was a product of miscalculation regarding the consequence of taking out a loan to purchase an expensive truck shortly after the divorce. Taking this together with wife's relatively improved financial circumstances, the court found the evidence sufficient to show changed circumstances. It concluded that the changed circumstances warranted a temporary reduction of maintenance commencing on January 1, 2020, to allow husband to pay off the property award through regular monthly payments. Because of the parties' vastly different incomes, however, along with husband's ability to save for retirement and wife's need to receive $2000 per month, the court did not reduce maintenance permanently. It ordered husband to continue paying wife no less than $2000 per month, $1000 of which would represent a contribution toward the money owed to wife as a property settlement. Given its decision, the court found that the interest owed on the remaining balance would need to

2

be recalculated as of December 31, 2019. The court added that wife had not paid toward their son's student loan debt as ordered and that this unpaid balance needed to be deducted from the property award. The court did not have evidence as to the amount of the student loan that remained due as of July 2020 and how that might affect any interest owned. It directed the parties to determine the amount of interest due. The court explained that husband's remaining maintenance payments would resume at the rate of $2000 per month once the property-settlement debt was satisfied. Maintenance would then be tacked on to the end of the eight-year maintenance period at $1000 per month to account for the months where maintenance was temporarily lowered.

## B. January 2022 Renewed Motion to Enforce

In January 2022, wife filed a renewed motion to enforce. She explained that while husband had been paying her $2000 per month, he characterized the payments solely as maintenance in his federal tax returns. Wife argued that husband therefore had made no payments toward the property-award debt notwithstanding the court's July 2020 order and she was entitled to the balance of the property award, including interest. Wife further complained that husband had not cooperated in determining the amount of interest due. Husband opposed the motion, arguing that he had complied with the July 2020 order and that half of each payment should be attributed toward the property-award debt. He did not explain why he took a contrary position in his federal tax filings.

The court issued a May 20, 2022, order recounting the history of this case. It found that husband had violated the July 2020 order by claiming the entirety of his payments to wife, for tax purposes, as spousal maintenance. Pursuant to the plain language of that order, half of each payment was attributable to the property award. The court directed husband and wife to file amended tax returns; calculate any unpaid interest on the unpaid property settlement; and calculate the date on which the property settlement was paid in full. It ordered husband to continue paying wife maintenance consistent with the framework set forth in its July 2020 order. The parties filed proposed orders at the court's direction. Wife's proposed order included interest that she alleged had accrued on the portion of the maintenance award that remained unpaid. The court issued a June 6, 2022, entry order holding that no interest was due on the unpaid maintenance payments. It explained that husband's maintenance obligation had been temporarily reduced pursuant to a court order and it had not attached any interest to the temporarily stayed maintenance payments. The court noted that the reference to interest in its prior ruling related to the unpaid property settlement and student loan.

In a July 6, 2022, order, the court found that husband satisfied his property settlement obligations to wife as of October 31, 2021, and it outlined the maintenance payments that remained due. It reiterated that the parties were required to file amended tax returns. This appeal followed.

## II. Arguments on Appeal

Wife argues on appeal that the court ignored the plain terms of its July 2020 order in denying her request to include interest on the outstanding maintenance payments. Wife further

asserts that she is entitled to interest under the law because she did not timely receive the maintenance payments due to her under the final divorce order.

We reject these arguments. "In interpreting a prior trial-court order, we look first to its plain language." Citimortgage, Inc. v. Dusablon, 2015 VT 68, ¶ 11, 199 Vt. 283. It is clear from the court's July 2020 order that the reference to interest was limited to the property-award debt, including how that debt might be impacted by any remaining student loan payments that wife owed to husband. See Youngbluth v. Youngbluth, 2010 VT 40, ¶ 8, 188 Vt. 53 (recognizing that "proper interpretation of a previous court order is strictly a question of law that we must determine independently" (quotation omitted)). As the court explained, because it was retroactively reducing husband's maintenance obligation effective January 1, 2020 (and therefore $1000 of the monthly payment he made between January and July 2020 was attributable to the property-award debt), the "interest owed on the remaining balance [would] need to be recalculated as of December 31, 2019, and the recalculated monthly [sic] to account for the reduced balance on principal." Wife's unpaid share of the student loan debt also needed to be deducted from the property award, which the court recognized would affect the interest due on the property-award debt. The plain language of the trial court's July 2020 order does not support wife's argument.

Wife's assertion that she was legally entitled to interest on the maintenance award also fails, assuming arguendo that she articulated a basis for awarding such interest below. See Richard v. Richard, 2014 VT 58, ¶ 7, 196 Vt. 531 ("The court's authority to award interest is a matter of law we review de novo."). Unlike the property-settlement award, the maintenance award in the final divorce order was subject to modification upon a showing of changed circumstances. Compare 15 V.S.A. § 758 ("On motion of either party and due notice, and upon a showing of a real, substantial, and unanticipated change of circumstances, the court may from time to time annul, vary or modify a judgment relative to maintenance, whether or not such judgment relative to maintenance is based upon a stipulation or an agreement."), with Boisselle v. Boisselle, 162 Vt. 240, 242 (1994) ("Vermont law is clear that the [trial] court cannot modify the property disposition aspects of a divorce decree absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally."). The trial court found changed circumstances here and modified the maintenance award. Pursuant to the court's order, husband no longer owed wife $2000 per month in maintenance as of January 1, 2020, and husband was not accumulating any arrearage by paying wife $1000 per month as ordered until the property debt was satisfied. Wife fails to show that there was any debt or fixed judgment on which interest could accrue. See, e.g., Gleason v. Gleason, 164 S.W.3d 588, 592 (Tenn. Ct. App. 2004) (explaining that "[t]he right to enforce an alimony award accrues as each installment becomes due" and "interest does not accrue on an installment of alimony until the date the payment is due").

Wife offers no persuasive argument to the contrary. Her reliance on Richard is misplaced. That case involved the enforcement of a property award in a final divorce order; the husband there had a "fixed obligation" to pay the wife a particular amount of money as a property settlement. 2014 VT 58, ¶ 9. In that context, we recognized that "[t]he civil rules provide for interest on judgments," and that Vermont law "has allowed interest after judgment at the statutory rate to compensate the judgment creditor for any delay in satisfaction." Id. ¶ 8 (citations and quotation omitted). In this case, as set forth above, the maintenance award in the

4

final divorce order was modified and husband paid wife consistent with the terms of the court's order.[*]  Wife fails to show that there was a fixed maintenance "judgment" on which interest accrued under the law.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

---

[*]  We note that the trial court rejected wife's assertion, reiterated by wife on appeal, that husband was merely provided the opportunity "to treat a portion of his spousal maintenance payments as property settlement" in the July 2020 order and that he had declined to do so.  The court found that "the July 2020 Order required that $1000 of [husband's] $2000 payment be regarded as partial payment o the outstanding property settlement" and it treated the payments as such.  (Emphasis added.)

5