## ALEX COREY *v.* M. A. McLEAN AND TRUSTEE.

### October Term, 1926.

Present:    WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed November 4, 1926.

*Appeal and Error—Question Not Properly Raised Below—*
*Estate by Entirety in Personal Property—Creditors May*
*Not Complain of Transfer of Unattachable Property.*

1.  Where no question was raised below as to evidence upon which findings were based, and no exception upon such ground appeared in record, question is not for determination by Supreme Court.

2.  Personal property purchased by husband and wife, paid for by earnings from farm held by them as tenants by entirety, is also held by them as tenants by entirety.

3.  Personal property, purchased by husband and wife from earnings of farm held by them as tenants by entirety, and by earnings of wife, is not attachable for debts of husband, and latter's creditor cannot complain of transfer of husband's interest therein to his wife.

ACTION OF CONTRACT on promissory note with defendant's wife named as trustee. Plea, general issue. Trial by court at the June Term, 1926, Orange County, *Sherburne*, J., presiding. Judgment against principal defendant, and trustee discharged. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Robert E. Susena* for the plaintiff.

*H. William Scott* for the trustee.

MOULTON, Supr. J.    This is an action upon a promissory note, dated September 10, 1921, signed by the defendant, in which judgment was entered against the principal defendant in the court below, and after hearing upon the question of the

liability of the trustee, the latter was ordered discharged, to which the plaintiff excepted.

The trial court found that the trustee was the wife of the principal defendant, and, with him, owned a farm as tenants by entirety; that, after the purchase of the farm, they jointly purchased certain machinery, and a team and some cows, for which they paid by money represented by earnings from the farm and earnings of Mrs. McLean (who was a nurse); that on October 1, 1921, the principal defendant transferred to the trustee all his interest in the property. The value of the personal property at the time of the transfer, was $1,000.

[1] The only exception taken was to the judgment discharging the trustee. The plaintiff argues the evidence upon which the findings were based, but this question was not raised below, nor does any exception upon this ground appear in the record submitted, so the question is not for determination. *Capital Garage Co.* v. *Powell,* 97 Vt. 204, 210, 211, 122 Atl. 423; *Grapes* v. *Willoughby,* 93 Vt. 458, 461, 108 Atl. 421.

[2, 3] From the facts found, it is apparent that the personal property, so far as it was paid for by the savings of the farm, was held by Mr. and Mrs. McLean as tenants by entirety. *George* v. *Dutton's Estate,* 94 Vt. 76, 78, 108 Atl. 515, 8 A. L. R. 1014. The further fact that the earnings of Mrs. McLean constituted part of the purchase price does not change the situation; but, if anything, goes to show that she had an interest in the property in her own right. This being so, the property was not attachable for the debts of the husband, and the plaintiff cannot complain of the transfer between the principal defendant and the trustee. *Wolcott* v. *Hamilton,* 61 Vt. 79, 85, 17 Atl. 39; *Darling, Admr.* v. *Ricker,* 68 Vt. 471, 473, 35 Atl. 376. There was no error in the ruling below.

*Judgment affirmed.*