CARRIE G. STEWART v. LOUIS BLEAU'S ESTATE.

October Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed November 6, 1929.

*Theriault & Hunt* for the appellant.

*Edward J. Hall* for the appellees.

SLACK, J. This is an appeal from a decree of the probate court striking from the inventory of the property of deceased's estate an item of $3,500, the appraised value of certain real estate. This property was formerly owned by the deceased and Josephine Bleau, his wife, by the entirety. At some time, the date not appearing, Josephine procured an absolute divorce from the deceased, but no order or decree respecting such property was then made; nor was any step taken thereafter during his lifetime to determine its status. Josephine survived the deceased. The property was first treated as part of deceased's estate but later the probate court, on the petition of his executrices, held that Josephine, by the right of survivorship, became vested with the entire title thereto upon his death, and ordered the same dropped from the inventory of his property. The appellant, who has a substantial claim against the de-

ceased's estate which is thereby rendered worthless, in whole or in part, claims that at the time of his death, he and Josephine held such property as tenants in common, and consequently that an undivided one-half interest therein belongs to his estate.

This presents for the first time, in this State, the question of the effect of an absolute divorce on the status of property held by the parties by the entirety at the time such divorce is granted.

The only reference to the subject in our decisions, so far as we are aware, is in *Corinth* v. *Emery*, 63 Vt. 505, 22 Atl. 618, 25 A. S. R. 780, which is relied upon to support the ruling below. To be sure, it is there said, among other things, "Divorce *a vinculo* does not destroy the estate, and the *jus accrescendi* takes effect upon the death of the one first dying." But this is mere *dictum*, since the question now before us was in no way involved in that case. We have other cases which recognize the peculiar characteristic of an estate by the entirety, among which are *Richardson* v. *Daggett*, 4 Vt. 336; *Brownson* v. *Hull*, 16 Vt. 309, 42 A. D. 517; *Citizens Savings Bank & Trust Company* v. *Jenkins*, 91 Vt. 13, 99 Atl. 250; *George* v. *Dutton's Estate*, 94 Vt. 76, 108 Atl. 515, 8 A. L. R. 1014; and *Corey* v. *McLean*, 100 Vt. 90, 135 Atl. 10; but none of these shed any light on the matter.

This is not a new question, however, in many jurisdictions. While the cases do not all support the appellant's contention, it is undoubtedly the prevailing rule that by a divorce *a vinculo* the estate by the entirety is converted into a tenancy in common. Among the cases so holding are: *Stelz* v. *Shreck*, 128 N. Y. 263, 28 N. E. 510, 13 L. R. A. 325, 26 A. S. R. 475; *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 156 N. E. 685, 52 A. L. R. 886; *Donegan* v. *Donegan*, 103 Ala. 488, 15 So. 823, 49 A. S. R. 53; *Harrer* v. *Wallner*, 80 Ill. 197; *Lash* v. *Lash*, 58 Ind. 526; *Meyers* v. *East End Loan & Savings Association*, 139 Md. 607, 116 Atl. 453; *Russell* v. *Russell*, 122 Mo. 235, 26 S. W. 677, 43 A. S. R. 581; *Sharbaro* v. *Sharbaro*, 88 N. J. Eq. 101, 102 Atl. 256; *Hayes* v. *Horton*, 26 Ore. 597, 81 Pac. 386; *Whitley* v. *Meador*, 137 Tenn. 163, 192 S. W. 718, L. R. A. 1917D, 736; *Davis* v. *Bass*, 188 N. C. 200, 124 S. E. 566; *Doherty* v. *Russell*, 116 Maine 269, 101 Atl. 305; *Thorley* v. *Thorley*, L. R. (1893) 2 Ch. 229. See, also, Freeman on Cotenancy and Partition (2d ed.) § 444; 2 Bishop on Marriage, Divorce and Separation,

§§ 1650, 1651. The only decisions to the contrary which have come to our attention are: *In re Appeal of Nellie Lewis,* 85 Mich. 340, 48 N. W. 580, 24 A. S. R. 94; *Alles* v. *Lyon,* 216 Pa. 604, 66 Atl. 81, 10 L. R. A. (N. S.) 463, 116 A. S. R. 791, 9 Ann. Cas. 137; and *O'Malley* v. *O'Malley,* 272 Pa. 528, 116 Atl. 500.

The reasoning upon which the majority holdings are based is irresistible. A tenancy by the entirety cannot be created by the most explicit language unless the man and woman are in fact husband and wife. At common law husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. These two real individuals, by reason of this relationship took the whole of the estate between them, and each was seized of the whole and not of any individed portion. They were thus seized of the whole because they were legally but one person. Death separated them, and the survivor still held the whole because he or she had always been seized of the whole, and the person who died had no estate which was descendible or devisable. Being founded upon the marital relation and upon the legal theory of the absolute oneness of husband and wife, when that unity is broken, not by death, but by a divorce *a vinculo,* it stands to reason that such termination of the marriage tie must have some effect upon the estate which requires the marriage relation to support its creation. In effect, the claim of the appellee is that it is only necessary the parties should stand in the relation of husband and wife at the time of the conveyance, that the estate vests at that time, and that a subsequent divorce cannot affect an estate which is already vested. But the very question is, what is the character of the estate which became vested by the conveyance? If it was such that nothing but the termination of the marriage by the death of one of the parties could affect it, then of course this claim must prevail, but it is an assumption of the whole case to say that the estate was of such character. When we consider the idea upon which the creation of an estate by the entirety depends, it seems logical as well as plausible to say that as the estate is founded upon the unity of husband and wife, and it never could exist in the first place but for such unity, anything that terminates the legal fiction of this unity ought to terminate the estate whose creation depends upon such unity. In other words, the continued existence of

the estate would seem naturally and necessarily to depend upon the continued legal unity of the two persons to whom the conveyance was made. The survivor takes the whole in case of death, because that event has terminated the marriage and the consequent unity of person. An absolute divorce terminates the marriage and unity of person just as completely as does death itself, only instead of one as in the case of death there are in the case of divorce two survivors of the marriage, and there are from the time of such divorce two living persons in whom the title still remains. We think that the logical and natural effect of an absolute divorce is to sever the tenancy by the entirety and that a severance having taken place each takes his or her proportionate share of the property as tenant in common, and we so hold.

*Judgment reversed, and cause remanded with direction that there be included in the assets of deceased's estate an undivided one-half interest in the property in question. Let the result be certified to the probate court.*