### John G. Gerdel v. Rejene A. Gerdel

[313 A.2d 8]

No. 104-73

Present: **Barney, Smith, Keyser and Daley, JJ., and Hill, C. Supr. J.**

Opinion Filed December 4, 1973

*Richard C. Blum, Esq.,* Burlington, for Plaintiff.

**Keyser, J.** The plaintiff brought a divorce complaint on January 18, 1973, to the Chittenden County Court, service of which was accepted in writing by the defendant. The plaintiff had resided in Washington County since July 1, 1971, and was a resident of Warren in that county at the time he instituted his divorce action. The defendant was a resident of Rye, New York. She did not enter an appearance and was not present in court when the case came on for hearing on April 23, 1973.

The court dismissed the complaint on the ground that it was not brought in the county where the parties, or one of them, resided as required by 15 V.S.A. § 593. The plaintiff appealed.

It is plaintiff's position that 15 V.S.A. § 593 is not a subject matter jurisdiction provision but a venue requirement. The plaintiff claims defendant by failing to appear waived any possible defense under the statute because she did not make a timely objection as required by V.R.C.P. 12. For this reason the plaintiff urges error by the court.

The question for decision is one of first impression and its determination presents a statutory construction problem; that is, whether 15 V.S.A. § 593 is a mere venue statute which is for the convenience of the parties and, therefore, can be waived by them or, whether section 593 is a legislative attempt to limit, direct, or provide an exclusive avenue to a particular remedy. If it is an attempt by the legislature to control the granting of a particular remedy, it goes to the subject matter jurisdiction, or competence, of the courts of this state and cannot be waived by the parties.

Divorce is an *in rem* action in this state insofar as the courts determine the status of the marriage, but is *in personam* as to alimony and related issues. *Emmons* v. *Emmons*, 124 Vt. 107, 108–09, 197 A.2d 812 (1964).

Unlike a judgment *in personam*, the judgment *in rem* is founded, not against the person, as such, but against or upon the thing (*res*) or subject matter itself whose state, or condition, is to be determined.

A divorce action is different from the general *in personam* action in that it is entirely statutory. There was no common law divorce whatsoever, and the courts of this state have inherited no common law power to grant divorces. The right to grant divorce is only as specifically allowed to the courts of this state by the legislature. *LeBarron* v. *LeBarron*, 35 Vt. 365, 367 (1862).

Divorce is fundamentally different from other actions between private individuals in that society's interests must be represented. Indeed, in Vermont the state is virtually a party to a divorce proceeding and the state's interest is in the maintenance of marital relations. *Siebert* v. *Siebert*, 124 Vt. 187, 192, 200 A.2d 258 (1964). A court hearing a divorce is not free to enter the relief sought just because all the parties agree that the relief is desirable. Divorce courts are specifically not bound by stipulations or agreements entered into by the parties. *Id.; Woodruff* v. *Taylor*, 20 Vt. 65, 73 (1847).

The theory of divorce has always been that marriage itself is something more than the sum of the two mar-

ried people. Marriage is an independent creation of the law and has its *situs* at the domicile of the parties. As an *in rem* action, the proper court for maintenance of the action is determined by the *situs* of the marriage itself rather than the location or residence of the parties. This is a clear import of 15 V.S.A. § 593 and, as such, provides a solution to the problem of determining the location of the *situs* of the marriage *res* where, as in this case, the married persons are not residing together.

It is a common practice to determine jurisdiction and venue arising in *in rem* actions by the *situs* of the *res* rather than the location or convenience of the parties. As to eminent domain, see *City of Winooski* v. *State Highway Board,* 124 Vt. 496, 498, 207 A.2d 255 (1964). As to the probate of wills, and actions in admiralty, see *Woodruff* v. *Taylor, supra,* at 73–74.

The basic characteristic of an *in rem* action is a competent court passing judgment over the status of some particular subject matter. Determinations as to jurisdiction and competence are traditionally made by reference to the *situs* of that particular subject matter. See *Woodruff* v. *Taylor, supra,* at 75. This appears to be the basis for 15 V.S.A. § 593.

Section 593 has a long history dating back at least to Rev. Statutes Chap. 63, § 20 (1839). That provision, apparently new at the time, provided that all libels for divorce would be heard in the Supreme Court held at the county where the parties reside. Ever since that time the legislature has attempted by similar language to make the availability of the divorce remedy depend on the residence of the parties.

It is the undisputed rule in Vermont that venue can be waived in a normal personal action. See V.R.C.P. 12(h)(1). The general county court venue provision, having its roots in Revision of 1787, at 27 (G. Hough & A. Spooner 1787), now 12 V.S.A. § 402, specifically requires a motion to dismiss for improper venue.

Venue in divorce is a different matter altogether. The legislature has seen fit to provide for the place of bringing a divorce action by a statute entirely separate from the general venue statute. Since both 15 V.S.A. § 593 and 12 V.S.A. § 402 basically provide that the action shall be brought in the county

in which one of the parties resides, the legislature would have no need to have enacted 15 V.S.A. § 593 in 1839 if it was merely intended to be a venue statute. The legislature could have left divorce venue covered by the general venue statute, but it did not see fit to do so. 12 V.S.A. § 402 as implemented by V.R.C.P. 12(h) specifically provides for the waiver of the venue rules if not timely objected to, but 15 V.S.A. § 593 does not make such a provision. We find no basis or justification for reading the provisions of 12 V.S.A. § 402 into 15 V.S.A. § 593.

Although this Court has never specifically passed on the issue now before us, since *Chamberlain* v. *Chamberlain,* 2 Aik. 232 (Vt. 1827), it has viewed the residence of the parties as a jurisdictional fact in divorce actions. In that case the Court simply stated, cryptically, that it would "no longer countenance" transfer of divorce petitions from county to county. In *Tower* v. *Tower,* 120 Vt. 213, 225, 138 A.2d 602 (1958), the court, in *dicta,* assumed that residence in a particular county is a requisite for bringing a divorce action. In *Sage* v. *Sage,* 115 Vt. 364, 368, 61 A.2d 557 (1948), the Court pointed out that the divorce action would not be dismissed for lack of jurisdiction even though the parties had since both removed from the forum county of Windham. The Court stated that since the parties had both lived in Windham at the time of the original libel, the Windham county court had jurisdiction. This implies that the Windham county court would not have had jurisdiction had the parties not resided there. To the same effect, see *Morse* v. *Morse,* 126 Vt. 290, 293, 229 A.2d 228 (1967).

The legislature of this state has specifically provided that divorce actions will be brought in a specific county. 15 V.S.A. § 593 cannot lightly be ignored. Venue was a concept known at common law, based on particular underpinnings, and aimed at certain goals. For discussion generally, see Blume, *Place of Trial of Civil Cases,* 48 Mich. L. Rev. 1, 1–28 (1949). The general Vermont venue statute, 12 V.S.A. § 402, is presumably the equivalent to that general common law venue, while 15 V.S.A. § 593 is not. Whatever general policies or common law doctrines that support the view that the general

venue statutes are waivable do not apply to 15 V.S.A. § 593.

The majority rule appears to be that venue in divorce cases can be waived. See Annot., 130 A.L.R. 94 (1940).

▇ The legislature of Vermont, of course, is free to adopt divorce provisions as it chooses and is not required to follow the majority rule. See generally F. James, Civil Procedure, at 614, 618 (1965). Our legislature has the power to apportion jurisdiction among its courts. It may also require certain procedures, such as bringing the action in the county of residence. Even if 15 V.S.A. § 593 is viewed as merely a venue statute, it is clear that the legislature has the right to give venue such a "jurisdictional flavor" as would require these parties to bring this action in the appropriate county court even if they mutually agree to do otherwise. *Id.*, at 618.

We must look to the intent of the legislature in construing 15 V.S.A. § 593. This principle was applied to section 593 in *Tower* v. *Tower, supra,* 120 Vt. at 225.

▇ ▇ The legislature has at least since 1839 required that divorces be brought in the county where the plaintiff or one of the parties resides. The legislature has provided this specific statute, 15 V.S.A. § 593, to govern the place of bringing of a divorce action. This provision is entirely consistent with the nature of divorce as an *in rem* action. This special statute has existed side by side with venue statutes which would have more than sufficed had the legislature intended that the place of bringing a divorce action be a merely waivable venue question. In view of these factors, we hold that the legislature of this state has evinced a specific intent, through 15 V.S.A. § 593, to have divorce actions tried in the county where the parties, or one of them, reside.

▇ We hold that the availability of the statutory remedy of divorce is closely conditioned upon meeting the procedural requirements outlined in the divorce statutes. 15 V.S.A. § 593 requires that the action be brought in the county in which the parties, or one of them, reside. Unless this is done, the requirements laid down by the legislature are not met. Just as the legislature can require the divorce to be brought by a certain form of complaint, and as it can require specific period of residence before a divorce may be brought (15 V.S.A. § 592),

so it can require the action to be brought in a particular county court.

It has long been the law of this State that a court will dismiss a cause at any stage, whether moved by the party or not, when it is discovered that it has no jurisdiction; and also that jurisdiction over the subject matter of a suit cannot be conferred by agreement or consent of the parties when it is not given by law. *Re Bellows Falls Hydro-Elec. Corp.*, 114 Vt. 443, 445, 47 A.2d 409 (1946).

The record before the trial court in the instant case demonstrated that the action was unauthorized by law to be brought in Chittenden County Court and the court properly dismissed the cause on its own motion.

*Judgment affirmed.*