**Eric C. NUSE v. Jane F. NUSE**

[601 A.2d 985]

No. 90-441

November 7, 1991. The main issue in this appeal of a divorce order distributing marital property is the treatment of a house in which appellant Eric Nuse resided with his fiancee at the time of the divorce hearing. In 1989, appellant's sister sold the house to his fiancee for $67,000, approximately $19,000 less than its value. Appellant's mother provided the fiancee a gift of $21,000 to make the downpayment. The fiancee took out a mortgage, and appellant has provided 50% of the payments each month. Appellant's mother advanced $40,000 to the fiancee to make improvements to the house, taking back an unsecured note which the court found was not expected to be paid "until the distant future if at all." Appellant and his fiancee plan to marry immediately after the divorce is final. Based on the above findings, the court concluded that appellant "has an equitable interest of at least 50%" of the $80,000 equity in the house and considered that interest in dividing the marital property. On appeal, appellant argues that this conclusion is erroneous and the court could not consider the house because it was owned solely by the fiancee.

If the court erred in labeling appellant's interest in the house as an "equitable interest," the error was harmless. The court found that the placement of the title in the fiancee was part of an overall attempt to be "less than candid with the court regarding income and assets," including a failure to disclose a $200-per-month gift to appellant from his mother and a change in the method of expense accounting in his business to make the profit look smaller. The situation is similar to that in *Bassler v. Bassler*, 156 Vt. 353, 363, 593 A.2d 82, 88 (1991), where the husband commingled his assets with those of his mother to hinder efforts of his spouse to obtain a fair property distribution and we upheld the trial court's attempt at piercing the veil around the assets as the best it could do under the circumstances. It is the trial court's function to evaluate the evidence, and we cannot say its findings, as well as its characterization of appellant's approach to the court, is clearly erroneous. Distribution of property is not an exact science, and we have often upheld property awards despite errors that do not affect the overall fairness of the award.

See, e.g., *Plante v. Plante*, 148 Vt. 234, 237, 531 A.2d 926, 928 (1987); *Belanger v. Belanger*, 148 Vt. 202, 206, 531 A.2d 912, 915 (1987).

Appellant also complains about the inclusion of the house in the marital assets because it was acquired after the parties separated and about the failure of the court to subtract the outstanding indebtedness to his mother from the value of the house. The applicable statute requires division of marital property "however and whenever acquired" and is broad enough to cover property acquired after the parties separated. 15 V.S.A. § 751(a). See *Bero v. Bero*, 134 Vt. 533, 535, 367 A.2d 165, 167 (1976) (tort settlement received after divorce was filed is marital property). The court acted within its discretion in refusing to subtract the debt to appellant's mother in view of its finding that the money provided was more a gift than a loan.

We have reviewed the other points raised by appellant and find no error.

*Affirmed.*

Motion for reargument denied January 6, 1992.