2014 VT 83

## Leslie Tschaikowsky v. James Tschaikowsky

[103 A.3d 943]

No. 13-216

Present: **Reiber, C.J., Dooley, Skoglund and Crawford, JJ., and Morris, Supr. J. (Ret.), Specially Assigned**

Opinion Filed August 1, 2014

304

*Peter F. Langrock* of *Langrock Sperry & Wool, LLP*, Middlebury, for Plaintiff-Appellee.

*Pamela Gatos* of *Tepper Dardeck Levins & Gatos, LLP*, Rutland, for Defendant-Appellant.

¶ 1. **Skoglund, J.** James and Leslie Tschaikowsky were married in 1999, and are now in the process of divorcing. In between, the parties legally separated, agreeing on terms of separation that were formally incorporated into a final order issued by the family court on October 12, 2007. This appeal follows husband James's

request that the family court enforce the terms of the separation agreement in the divorce proceedings through summary judgment, which the court denied. We agree with husband that the agreement is binding and enforceable as a matter of law, and reverse the family court's denial of summary judgment.

¶ 2. Having lived separately for the requisite six-month period, the parties filed for separation in the fall of 2007. Both represented by counsel, the parties waived their rights to a hearing and requested that the family court incorporate the agreement into a final order of separation pursuant to Vermont Rule for Family Proceedings 4(e), and the court complied. The agreement addressed the terms of their separation, including parental rights and responsibilities, support, and education for their two minor children, as well as "the final settlement of their property rights." Containing clauses for both real and personal property, the agreement divided the property owned by the parties at the time. The agreement also included a provision entitled "Subsequent Divorce," which stated that:

> In the event any such [divorce] action is instituted, the parties shall be bound by all the terms of this agreement. If consistent with the rule or practice of the court granting a decree of absolute divorce, the provisions of this agreement, or the substance thereof, shall be incorporated in such decree . . . .

¶ 3. Following the court's issuance of a final separation order incorporating the terms of the agreement, husband moved to England where he resided until April 2010, when he returned to the United States. In June 2010, wife filed for divorce. A copy of the separation agreement accompanied wife's divorce complaint, which stated that "[s]aid Separation Agreement resulted in a Final Order and Decree granting [wife] therein a Divorce from Bed and Board" and requested "a complete and total Divorce from the Bonds of Matrimony." A few days later, husband filed a motion to modify the separation agreement regarding parental rights and responsibilities of the parties' two minor children, which the court held a hearing on and ultimately ordered a new parenting schedule. Father also filed a motion to modify child support, but the parties eventually came to an agreement and the court issued a new child support order in the fall of 2012.

¶ 4. Husband then motioned for summary judgment, seeking enforcement of the terms of the separation agreement for the

division of marital property in the impending divorce proceedings. The family court denied husband's motion, stating that "[t]he issues pertaining to the grant of a final divorce must be determined at the time of the final divorce." We disagree on grounds that the terms of the parties' separation agreement were incorporated into a final order by the family court in 2007 and the distribution of property under those terms cannot be modified except on grounds sufficient to overturn a judgment.[1]

¶ 5. On appeal, this Court reviews summary judgment decisions de novo. *O'Brien v. Synnott*, 2013 VT 33, ¶ 9, 193 Vt. 546, 72 A.3d 331. Summary judgment is appropriate where there is no genuine dispute of material facts and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a). A fact is only material where it "might affect the outcome." *O'Brien*, 2013 VT 33, ¶ 9 (quotation omitted).

¶ 6. Husband contends that he is entitled to judgment as a matter of law, and wife disagrees on the basis that the family court has not litigated the parties' divorce and therefore has not evaluated the agreement for equity and fairness. This Court does not appear to have addressed the enforceability of a stipulated agreement that has been incorporated into a final separation order in a subsequent divorce.[2]

¶ 7. ■ Legal separation has rarely been before this Court. Vermont's statutes contain a separate section for legal separation,

---

[1] Our holding is limited to the terms of the separation agreement that address the parties' real and personal property. As the parties have already modified the separation agreement with respect to parent-child contact and child support, there is no issue with the court's authority to modify aspects of a stipulation agreement dealing with children. See 15 V.S.A. § 660(a)(1) ("[U]pon a showing of a real, substantial and unanticipated change of circumstances, the court may annul, vary, or modify a child support order, whether or not the order is based upon a stipulation or agreement."); *id.* § 668 (allowing court to modify order of parental rights and responsibilities "upon a showing of real, substantial and unanticipated change of circumstances").

[2] From the outset, we note that this case is not questioning the family court's authority to review or reject stipulation agreements made between parties in the divorce context. See *Pouech v. Pouech*, 2006 VT 40, ¶ 22, 180 Vt. 1, 904 A.2d 70 (holding that trial court may reject stipulation agreement as unfair or inequitable when challenged by a party before final hearing or incorporation into divorce order). Rather, this case presents the limited question of whether a stipulation agreement addressing marital property distribution that has been incorporated into a final separation order stands as a final judgment, or whether it is subject to modification by the trial court in divorce proceedings.

but it provides limited guidance in its one-sentence length, stating only that: "A legal separation forever or for a limited time may be granted for any of the causes for which an absolute divorce may be granted." 15 V.S.A. § 555. What is evident from the statute is that a legal separation can be granted by order of the court where the proper grounds have been met. Here, the court granted just such an order, explicitly incorporating the parties' stipulation agreement which was intended by the parties to be the "final settlement of their property rights." No issues were raised by either party or by the family court regarding the equitability of the agreement's terms at the time of the separation, and the parties waived their right to a final hearing. This resulted in a final order. See V.R.F.P. 4(e)(1) (stating that in an action for legal separation, the court "may grant a final judgment" without a hearing where requested by the parties and accompanied by a separation agreement, parenting agreement, and proposed final order).

¶ 8. ■ ■ Once an agreement is incorporated into a final judgment, it too is final. *In re Dunkin Donuts S.P. Approval*, 2008 VT 139, ¶ 12, 185 Vt. 583, 969 A.2d 683 (2000) (mem.) ("We have often indicated that a stipulated agreement incorporated into a court order has *the same* preclusive effect as a final judgment on the merits."); *Pouech*, 2006 VT 40, ¶ 20 ("Once a stipulation is incorporated into a final order, concerns regarding finality require that the stipulation be susceptible to attack only on grounds sufficient to overturn a judgment."). Thus, for wife to wish to overturn the property settlement within the agreement, it would have to be on Rule 60(b) grounds, none of which were raised below. See V.R.C.P. 60(b) (offering limited relief from judgment or order for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, or other such grounds); *Riehle v. Tudhope*, 171 Vt. 626, 627, 765 A.2d 885, 887 (2000) (mem.) (recognizing that in wife's attempt to overturn separation agreement incorporated into divorce order, her only avenue for relief was V.R.C.P. 60). Summary judgment was therefore appropriate, as the terms of the separation agreement regarding the marital property in 2007 were enforceable as a matter of law.

¶ 9. ■ ■ Our holding is in line with public policy and an interest in encouraging stipulations within the family court context that has been consistently reiterated in our previous decisions.

See, e.g., *Pouech*, 2006 VT 40, ¶ 17 ("[W]e have assumed that agreements reached by the parties are preferable to those imposed by a stranger to the marriage — the court."); *Adamson v. Dodge*, 174 Vt. 311, 327, 816 A.2d 455, 468 (2002) ("[I]n domestic relations matters, we assume that any agreement reached voluntarily by the parties is preferable to a court-imposed order."). In divorce actions, we have upheld the parties' right to negotiate for themselves the terms of their marriage dissolution, and — subject to judicial approval — to have those terms honored under the ordinary rules of contract. *Duke v. Duke*, 140 Vt. 543, 546, 442 A.2d 460, 462 (1982). The same interest in negotiating terms of marriage dissolution exists for couples entering a legal separation, which by statute can last as long as a divorce — forever. 15 V.S.A. § 555.

¶ 10. ■ Were we to hold that the terms of an agreement that have been incorporated into a final separation order were not subject to the same rules as a final judgment upon a subsequent divorce, we would be robbing separation under § 555 of virtually any legal significance. Unlike divorce, legal separation is not necessarily a permanent status. The terms of a separation order must therefore provide enough finality to last a lifetime for some parties, and, for others, provide only a temporary solution. The parties here made a tactical decision to ask the court to adopt terms for the "final settlement of their property rights," and they did so in express consideration of the fact that they might later get divorced — as evidenced by the section for "Subsequent Divorce" in the agreement by which the parties explicitly agreed that they would still be bound by the agreement's terms. The court complied with the parties' wishes and incorporated the terms that they designed for their marriage dissolution. For this Court to hold that the terms of the agreement are now subject to modification nearly seven years later because the parties have chosen to take a step they directly addressed in the separation agreement would undermine our preference for stipulations, finality in final judgments, and general principles of contract law.

¶ 11. ■ Furthermore, wife's argument that our holding otherwise denies her the opportunity for a court to examine the agreement for fairness and equity ignores the fact that the family court has already conducted just such an examination. Family Rule 4(e)(1) states that "[u]pon the filing of all documents

required . . . , the court may grant and enter the final order without a hearing after the court has reviewed all of the documents and has determined that the terms and conditions of the parties' agreement are fair and equitable." As the court granted the parties a final separation order without a hearing, it naturally follows that the court found the terms of the separation agreement to be fair and equitable.

¶ 12.  ■  Similarly, in denying husband's motion for summary judgment, the family court stated that "it is only upon the termination of the bonds of matrimony that a court may decide what is a fair and equitable distribution of property, and whether spousal maintenance should be awarded," citing two specific hypothetical examples in support of that conclusion: (1) what if one party inherited one million dollars after the legal separation but before the divorce, and (2) what if a party contracted a serious and debilitating illness after separation but before divorce? To answer the first, any property acquired after the legal separation but before the divorce would be outside the bounds of the separation agreement, and subject to property distribution under the divorce statute, 15 V.S.A. § 751. The property contemplated within the separation agreement remains distributed by terms of the agreement, as those terms have already been evaluated for fairness and equity by the family court. See *Pouech*, 2006 VT 40, ¶¶ 22-24 (stating that family court's statutory role is to "assure a fair and equitable dissolution" of marriage and that it should only set aside stipulation agreements where it provides "adequate findings" why agreement is unfair or inequitable).[3] As to the second hypothetical posed by the court, if one party was to develop a serious or debilitating illness, that would provide grounds for assertion of a real, substantial and unanticipated change of circumstances that would allow the family court to change any existing terms for spousal maintenance to ensure fairness and equity at that point. 15 V.S.A. § 758. However, neither circumstance is presented on the record of this case.

¶ 13.  ■  To be sure, the family court was correct in observing that a final order of legal separation that includes terms for the distribution of property, spousal maintenance, and the division of

---

[3] The dissent's reliance on *Pouech, post*, ¶ 24, is misplaced. In *Pouech* the stipulation was filed in anticipation of a pending divorce, not as a distinct legal separation.

costs and responsibilities for any children significantly alters the landscape of what the family court can do in a subsequent divorce. Nonetheless, that is part of the analysis that parties must engage in for themselves when deciding whether to request a legal separation, with its particular benefits and costs, or proceed to an outright divorce. Legal separation is a middle ground of sorts between marriage and divorce, but it is legal ground, and only entered by final order of the court. The parties here presumably engaged in such an analysis when they filed for legal separation and are now bound by the consequences of the final order that they received.

¶ 14. We therefore reverse the family court's denial of summary judgment and hold that husband is entitled to enforcement of the property settlement terms incorporated into the final separation order.

*Reversed.*

¶ 15. **Reiber, C.J.,** dissenting. In holding that separation agreements incorporated into a final order are binding as a matter of law on subsequent divorce proceedings, the majority overlooks the plain statutory language conferring on the court the duty to evaluate the fairness and equity of the property distribution and spousal maintenance at the time of divorce. 15 V.S.A. §§ 751, 752. The majority's decision confuses the statutory scheme surrounding separation and divorce, and contradicts the public policy that equity is the lodestar for divorce proceedings and controls prior agreements in anticipation of divorce. For these reasons, I respectfully dissent.

¶ 16. This matter concerns property distribution and spousal maintenance in a pending divorce proceeding. The majority does not recite the language of the relevant divorce statutes, 15 V.S.A. §§ 751 and 752, but it is necessary to the analysis. *State v Fletcher*, 2010 VT 27, ¶ 10, 187 Vt. 632, 996 A.2d 213 (mem.) (stating that in determining Legislature's intent, we begin with statute's plain language). The plain language regarding property division, § 751(a), states that "the court shall settle the rights of the parties to their property by including in its judgment provisions which equitably divide and assign the property. All property owned by either or both of the parties, however and whenever acquired, shall be subject to the jurisdiction of the court." Section 751(b) provides factors for the court to consider in equitably

distributing the property, including the length of the marriage, the age and health of the parties, occupation and income of the parties, and the parties' respective property and how it was acquired. Similarly, § 752 requires the trial court to evaluate the surrounding circumstances at the time of divorce in awarding spousal maintenance.

¶ 17. This statutory language makes clear that the Legislature intended to give discretion to the family courts to divide property in an equitable and just manner based on the circumstances at the time of divorce. The majority's interpretation that a separation agreement is binding at divorce is contrary to this plain meaning. Simply put, had the Legislature intended for a prior separation agreement to be binding on the court at divorce, it could have said so. Instead, it stated, "[a]ll property . . . however and whenever acquired, shall be subject to the jurisdiction of the court." *Id.* § 751(a). See *Comm. to Save the Bishop's House, Inc. v. Med. Ctr. Hosp. of Vt., Inc.*, 137 Vt. 142, 153, 400 A.2d 1015, 1021 (1979) ("This court must presume that all language in a statute was drafted advisedly, and that the plain ordinary meaning of the language used was intended." (citation omitted)). That the Legislature knows how to make legal separation agreements binding on divorce but chose not to do so is especially clear when Vermont's statute is contrasted with the Uniform Marriage and Divorce Act, which specifically provides a procedure for conversion of a legal separation decree to a divorce decree. Unif. Marriage & Divorce Act § 314(b) ("No earlier than 6 months after entry of a decree of legal separation, the court on motion of either party shall convert the decree to a decree of dissolution of marriage."). This Court has refused to read language into a statute where our law departed from a Uniform Act explicitly providing such language, noting that "[t]he Vermont Legislature has not included such language in Vermont's . . . law, and we presume it drafted the . . . statute advisedly." *Columbia v. Lawton*, 2013 VT 2, ¶ 18, 193 Vt. 165, 71 A.3d 1218.

¶ 18. Further, the majority's interpretation renders parts of § 751 and § 752 incomprehensible. Many — if not all — of the factors listed in § 751(b) and § 752 are context-dependent and cannot be determined until a divorce action is actually filed. A court cannot simultaneously fulfill its statutory duty to distribute assets and award spousal maintenance based on the length of the marriage, age and health of the parties, their assets, occupation

and income, and other factors and also be bound by the terms of a prior separation agreement. See *Franks v. Town of Essex*, 2013 VT 84, ¶ 9, 194 Vt. 595, 87 A.3d 418 (explaining that this Court seeks to avoid absurd or irrational results when interpreting statutes). Considering that this Court has emphasized that there is no common law divorce in Vermont and "[t]he right to grant divorce is only as specifically allowed to the courts of this state by the legislature," *Gerdel v. Gerdel*, 132 Vt. 58, 61, 313 A.2d 8, 10 (1973), the majority's decision is certain to put trial courts in a bind in situations where the separation agreement is at odds with statutory mandates.

¶ 19. The majority's response is to focus on the fact that the separation agreement here was incorporated into a final judgment, presumably evaluated for equity and fairness by the trial court that granted it. *Ante*, ¶¶ 8, 11. The majority asserts that "[w]ere we to hold that the terms of an agreement that have been incorporated into a final separation order were not subject to the same rules as a final judgment upon a subsequent divorce, we would be robbing separation under [15 V.S.A.] § 555 of virtually any legal significance." *Ante*, ¶ 10. Yet in according the same level of finality to a final separation order as to a final divorce order, it is the majority that deprives the statutes governing these procedures of their meaning.

¶ 20. "We construe all parts of the statutory scheme together, where possible, as a harmonious whole, and we will avoid a construction that would render the legislation ineffective or irrational." *Ran-Mar, Inc. v. Town of Berlin*, 2006 VT 117, ¶ 5, 181 Vt. 26, 912 A.2d 984 (citation and quotation omitted). Legal separation and divorce are separate causes of action under Vermont's statutory scheme, governed by separate statutory provisions. Compare 15 V.S.A. § 551 (stating grounds for divorce) with *id.* § 555 (providing for legal separation). The majority rightly recognizes that separation is not necessarily a permanent status, *ante*, ¶ 10, as it can last "forever or for a limited time," 15 V.S.A. § 555. Legal separation must afford sufficient flexibility to last forever for some and provide a temporary solution to others. Divorce, by contrast, is intended to permanently settle the rights and obligations of the parties and accord finality to the marriage's dissolution. See *Youngbluth v. Youngbluth*, 2010 VT 40, ¶ 10, 188 Vt. 53, 6 A.3d 677 (stating that Vermont law "places great emphasis on the finality of property divisions" in divorce decrees); *Pouech v. Pouech*, 2006 VT

40, ¶ 20, 180 Vt. 1, 904 A.2d 70 (explaining that "[o]nce a stipulation is incorporated into a final [divorce] order, concerns regarding finality require that the stipulation be susceptible to attack only on grounds sufficient to overturn a judgment").

¶ 21. That divorce confers a level of finality that separation does not is confirmed by the relative procedures and consequences of the two statutes. There are no statutory prerequisites to legal separation, 15 V.S.A. § 555, while the divorce statute provides a nisi period before the divorce decree can become absolute, *id.* § 554. Moreover, divorce has collateral legal effects that separation does not. Most pertinent to this case, as wife points out, legal separation does not affect legal rights in an estate held by spouses in tenancies by the entirety, whereas divorce automatically converts the estate into two tenancies in common. *Stewart v. Bleau's Estate*, 102 Vt. 273, 276-77, 147 A. 692, 693 (1929). The majority's decision will unduly complicate situations where third parties rely on the parties' legal title during the legal separation period. In holding that a separation agreement incorporated into a final order is binding as a matter of law on the parties' subsequent divorce, the majority deprives the legal separation statute of its transitory nature and conflates the effects of legal separation and divorce so that there is no longer any meaningful difference between them.

¶ 22. Beyond matters of statutory interpretation, the majority diminishes the public policy choice, emphasized in the statutes and our case law, that places concerns of equity first and foremost in divorce proceedings. In *Pouech*, we explained:

> [T]he simple truth [is] that an agreement in anticipation of divorce is not the same as any ordinary contract. Public policy favors parties settling their own disputes in a divorce, but . . . the family court has a statutorily authorized role to play in divorce proceedings to assure a fair and equitable dissolution of the state-sanctioned institution of marriage.

2006 VT 40, ¶ 24.

¶ 23. Based on the principle that the court must maintain an equitable role in divorce proceedings, we held in *Pouech* that the trial court could reject the parties' divorce stipulations prior to a final divorce order "even if the challenging party fails to demonstrate grounds sufficient to overturn a contract." *Id.* ¶ 22; see also

*Gerdel,* 132 Vt. at 61, 313 A.2d at 10 ("Divorce courts are specifically not bound by stipulations or agreements entered into by the parties."). For similar reasons, we have held that assets acquired after legal separation are subject to equitable distribution under § 751 on the basis that "[a]ssets are normally valued for distribution as of the day of the final divorce hearing, regardless of whether they were acquired during or after the parties separated" — emphasizing the statutory duty for the court to evaluate the equities at the time of divorce. *Golden v. Cooper-Ellis,* 2007 VT 15, ¶ 10, 181 Vt. 359, 924 A.2d 19; see also *Nuse v. Nuse,* 158 Vt. 637, 638, 601 A.2d 985, 986 (1991) (mem.) (holding that § 751 is broad enough to encompass property acquired after the parties' separation).

¶ 24. The majority's reasoning that attention to the equities at the time of legal separation trumps reconsideration in subsequent divorce is unpersuasive. Supplementing the property division to account for property acquired after separation or to changed circumstances is a piecemeal approach. See *ante,* ¶ 12 (endorsing such an approach). We rejected such a piecemeal approach to the equities in *Pouech,* where the wife requested that the court consider an award of spousal maintenance during a divorce even though the parties' stipulation did not provide for it. The trial court "recognized the impossibility" of "consider[ing] her maintenance request without disturbing the stipulation," and denied the wife's request because she had not demonstrated sufficient grounds to overturn the stipulation. 2006 VT 40, ¶ 19. This Court reversed, holding that the trial court erred in refusing to consider the wife's maintenance request and that the parties should have had "an opportunity to present evidence on the fairness of their stipulation." *Id.* We emphasized that "[i]n determining whether to reject the stipulation, the family court should consider all of the circumstances surrounding execution of the stipulation. . . . [T]he question is one of fairness and equity viewed from the perspective of the standards and factors set forth in our divorce statutes." *Id.* ¶ 23. As in *Pouech,* the court here cannot consider all of the circumstances surrounding the execution of a divorce decree if it is inexorably tethered to a prior legal separation agreement that defines the rights of the parties as to some of the property of the marital estate.

¶ 25. None of this is to say that the trial court cannot consider the legal separation agreement's terms in evaluating fairness and

equity; indeed, the agreement should receive due weight in the court's decision. *White v. White*, 141 Vt. 499, 502, 450 A.2d 1108, 1110 (1982) ("In the case of property division and alimony the resulting contract between [the parties] is a presumptively fair, formal, and binding promise to perform, which our courts will not lightly overturn since the parties may have bargained away rights or positions of advantage in exchange for other consideration."). The majority's reasoning would hold more sway were it to confine its holding to the particular facts before us — where the parties expressly stipulated that their separation agreement would be binding in the event of divorce, and that stipulation was incorporated into a final judgment by the court. But the majority appears to go much further, holding that once reduced to final judgment, legal separation agreements are binding on future divorce proceedings as a matter of law — regardless of whether the separation agreement contemplates a later divorce. *Ante*, ¶ 8. While it is true that finality is of paramount importance, our statutes, case law, and public policy make equally clear that the trial court must perform an independent evaluation of the equities at the time of divorce before entering a decree. For these reasons, I cannot agree with the majority that a legal separation agreement is binding in a divorce as a matter of law.

¶ 26. I am authorized to state that Justice Dooley joins this dissent.