NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 35

No. 2018-241

| | |
|---|---|
| Sheryl Weitz | Supreme Court |
| | |
| v. | On Appeal from<br>Superior Court, Bennington Unit,<br>Family Division |
| | |
| Theodore Weitz | January Term, 2019 |

John W. Valente, J.

Sheryl Weitz, Pro Se, Brookline, Massachusetts, Plaintiff-Appellee.

Wendy Fitzsimons of Tepper Dardeck Levins & Fitzsimons, LLP, Rutland, for
  Defendant-Appellant.


PRESENT:  Skoglund, Robinson, Eaton and Carroll, JJ., and Pearson, Supr. J. (Ret.),
          Specially Assigned


¶ 1.    **CARROLL, J.**   In this divorce proceeding, husband appeals an order denying his motion to reopen the case after wife's notice of voluntary dismissal, filed pursuant to Vermont Rule of Civil Procedure 41(a)(1)(i).   On appeal, husband argues that: (1) Rule 41(a)(1)(i) "is in direct conflict" with the Vermont Rules for Family Proceedings and is therefore inapplicable to the Family Division; (2) Rule 41(a)(1)(i) was not intended to apply in cases where significant resources have been expended; and (3) that it is inequitable to apply Rule 41(a)(1)(i) in this case due to alleged bad faith and bad acts by wife.  We affirm.

¶ 2.    Wife filed a complaint for divorce from husband in the Family Division of the Vermont Superior Court in June 2016.  They have two children and the marital estate contained

significant assets. Initially, husband moved to dismiss, seeking to have the case adjudicated in New Hampshire, where they owned one of their homes. However, husband acceded to Vermont jurisdiction before the court held any motion hearing. Shortly thereafter, the trial court entered an interim order directing that neither party "threaten, harass or interfere with the personal liberty" of the other.

¶ 3. Over a sixteen-month period, the parties engaged in negotiations, discovery, and mediation. They reported to the court that the primary contested issue was the division of marital property, rather than the allocation of parental rights and responsibilities. During discovery, husband answered two sets of interrogatories and produced personal financial documents, wife gave a deposition, and the parties exchanged differing appraisals of their Vermont home. The court monitored the progress of the case by presiding over five status conferences, none of which lasted more than nine minutes. The parties never presented any substantive argument to the court nor was any testimony or other evidence offered. Husband never filed an answer to the complaint, nor did he file a motion for summary judgment on any issue raised by the complaint.

¶ 4. The court scheduled a final hearing for October 16 and 17, 2017. Before the hearing, the parties continued to engage in settlement negotiations, and on October 11, staff from wife's attorney's office emailed the court to alert it that the parties had signed a stipulation to resolve the case pursuant to Rule for Family Proceedings 4.0(e) without the need for a hearing. The representative for wife's attorney reported that the stipulation would be delivered to the court the next day. The court accordingly canceled the final hearing. However, the next day husband's attorney telephoned the court to explain that the stipulation would not be filed. Husband's counsel explained that the agreement to settle the case had "blown up" and the stipulation would not be filed so the final hearing would have to be rescheduled. The court set about rescheduling the hearing.

2

¶ 5.    However, on October 27, 2017, wife filed a notice of voluntary dismissal pursuant to V.R.C.P. 41(a)(1)(i). The Vermont Rules of Civil Procedure, including Rule 41, apply to divorce proceedings in the Family Division unless the Rules for Family Proceedings say otherwise. V.R.F.P. 4.0(a)(2)(A). She concurrently served husband with a complaint for divorce in Massachusetts. On the same day, court staff noted in the docket entries that wife had dismissed the case and it was then closed. In response, husband filed a motion to reopen. He argued that Rule 41, which permits voluntary dismissal where a defendant has not filed an answer or motion to summary judgment, did not apply to the Family Division because answers are neither required nor customary in divorce cases. He further claimed that various actions that he had taken during the litigation—entering a temporary stipulation regarding parental rights and responsibilities, responding to and serving discovery requests, and participating in mediation—"effectively" served as answers for the purposes of Rule 41. He also alleged that wife was forum shopping and wasting judicial resources by seeking to litigate their divorce in Massachusetts rather than Vermont at such a late stage of the case.

¶ 6.    The trial court denied this motion.[1] The court concluded that Vermont Rule of Civil Procedure 41(a)(1)(i) is directly analogous to Federal Rule of Civil Procedure 41(a)(1)(i), which numerous courts have held provides a bright-line rule "unequivocally permitting the unilateral dismissal by plaintiffs before defendants have filed an answer or moved for summary judgment." Husband appeals.[2]

---

[1] However, the court awarded husband the costs that he had incurred in the Vermont litigation since June 16, 2015, for work that could not be re-used in the Massachusetts divorce case. This award is not challenged on appeal, so we do not address it.

[2] The day before oral argument, wife moved to supplement the record. Because we do not require additional information to affirm in favor of wife, we deny wife's untimely motion to supplement the record.

¶ 7.    The interpretation of a procedural rule is a question of law which we review de novo. State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126. The plain, ordinary meaning of a rule controls when it is unambiguous. See State v. Villar, 2017 VT 109, ¶ 7, 206 Vt. 236, 180 A.3d 588 ("In construing a procedural rule, we look first to the rule's plain language, just as with statutory construction."); McClellan v. Haddock, 2017 VT 13, ¶ 13, 204 Vt. 252, 166 A.3d 579 ("Our task . . . is to ascertain and implement the Legislative intent . . . . In determining that intent, our principal source, at least initially, must be the language of the statute itself." (quotation omitted)).

¶ 8.    Rule 41(a)(1)(i) states that an action "may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." V.R.C.P. 41(a)(1)(i). This language is unambiguous: if an adverse party has not served either an answer or a motion for summary judgment on the plaintiff, then the plaintiff may choose to dismiss the case[3] by filing a notice of dismissal. Use of the permissive term "may" shows that a V.R.C.P. 41(a)(1)(i) dismissal is at the plaintiff's option. And no court order is necessary to effectuate such a dismissal because the case is to be dismissed "by the plaintiff without order of [the] court." Id.; Fed. Nat'l Mortg. Ass'n v. Johnston, 2018 VT 51, ¶ 5, __Vt.__, 189 A.3d 567 ("The language . . . 'without order of court' connotes that as long as a plaintiff makes the filing and the requisite facts are present . . . then the case is dismissed.").

---

[3] This opinion uses the term "case" to describe what is to be dismissed when a Rule 41 notice of dismissal is filed. The rule itself uses the term "action." V.R.C.P. 41(a)(1)(i). Our use of the term "case" in this opinion does not purport to mean that a plaintiff may not notice the dismissal of some but not all of the causes of action within a proceeding under Rule 41(a)(1)(i), nor that a plaintiff may not voluntarily dismiss claims against only some, but not all, parties in a proceeding. To the contrary, voluntary dismissal by a plaintiff may be "as to one or more, but fewer than all claims or parties." V.R.C.P. 41(a)(1).

¶ 9. The text of Federal Rule 41(a)(1)(i) is identical to that of Vermont Rule 41(a)(1)(i) in all respects relevant to our analysis. And Federal Rule 41(a)(1)(i) has repeatedly been construed as we construe Vermont Rule 41(a)(1)(i): plaintiff's dismissal is self-executing and unconditional absent the service of an answer or summary-judgment motion. Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) ("[D]ismissal is available as a matter of unconditional right, and is self-executing." (emphases added and citations omitted)); Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963) ("So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file."); D.C. Elecs., Inc. v. Narton Corp., 511 F.2d 294, 298 (6th Cir. 1975); Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir. 1983); Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2363, at 414 (3d ed. 2018) (explaining "the plaintiff . . . may dismiss the action unilaterally prior to the service of an answer or of a motion for summary judgment" (emphasis added)).

¶ 10. Additional language found in Vermont Rule 41 further supports this interpretation. Under Rule 41(a)(1), a case can be dismissed unilaterally, as described above, before service of an answer or a motion for summary judgment by an adverse party. If, however, a case has reached either of those checkpoints, then to obtain a dismissal the plaintiff must obtain the consent of the other parties in the case. V.R.C.P. 41(a)(1)(ii). If any party does not wish to stipulate to dismissal, then a plaintiff may only dismiss a case "upon order of the court and upon such terms and conditions as the court deems proper." V.R.C.P. 41(a)(2). Thus, subsection 41(a)(1) provides a clear demarcation for courts and litigants for the point at which a case can no longer be unilaterally dismissed at plaintiff's option. Rule 41 could have required a court order approving of Rule 41(a)(1) dismissals, as it did for dismissals under Rule 41(a)(2). It is reasonable to infer from this omission that court approval of a Rule 41(a)(1) dismissal is not required. See Ins. Co. of State of

5

Pa. v. Johnson, 2009 VT 92, ¶ 9, 186 Vt. 435, 987 A.2d 276 (noting that canons of interpretation "normally demand that we accord significance to variations in legislative language").

¶ 11. Here, husband never filed an answer nor moved for summary judgment. Therefore, wife retained the option to voluntarily dismiss the case by filing a notice of dismissal. We therefore affirm the trial court's decision to deny husband's motion to reopen. Indeed, husband does not even attempt to argue that the text of Rule 41(a)(1)(i) supports his position.

¶ 12. Instead husband argues that because Rule 41(a)(1)(i) conflicts with the Vermont Rules for Family Proceedings it does not apply to divorce cases such as this. The Rules of Civil Procedure apply to "actions for divorce" except as "otherwise provided" in the Vermont Rules for Family Proceedings. V.R.F.P. 4.0(a)(1)-(2); see also Richard v. Richard, 2014 VT 58, ¶ 8, 196 Vt. 531, 99 A.3d 193 ("Generally, the Vermont Rules of Civil Procedure apply to family court judgments in actions for divorce."). Husband argues that Rule 41(a)(1)(i) conflicts with Family Rule 4.0(d)(1), which, husband claims, confers on defendants in divorce proceedings "a right to a hearing where defendant has entered a notice of appearance, regardless of whether or not an answer has been filed."

¶ 13. However, this is not what that rule says. Family Rule 4.0(d)(1) mandates, with exceptions that are of no consequence, that a court in a divorce case "enter a final judgment" only after holding a hearing. Notice of voluntary dismissal under Rule 41(a)(1)(i) does not result in a court's entering final judgment—or taking any action at all—to "effectuate the dismissal." Fed. Nat'l Mortg. Ass'n, 2018 VT 51, ¶ 5; see also V.R.C.P. 41(a)(1)(i) ("[A]n action may be dismissed by the plaintiff without order of court."). Upon the filing of a Rule 41 voluntary dismissal, a court in the Family Division does not enter any final judgment or hold a hearing, and thus, contrary to husband's assertion, dismissal by notice under Rule 41(a)(1) does not violate Family Rule 4.0(d)(1).

6

¶ 14.    Husband further contends that it is common practice in the State of Vermont for divorce attorneys to proceed without filing an answer.  It is true that Vermont divorce cases may proceed on certain issues without default, "[e]ven if the defendant does not file an answer." V.R.F.P. 4.0(d)(3) (permitting defendant who has not filed answer to contest "parental rights and responsibilities, spousal maintenance, child support, maintenance supplement, property distribution, and counsel fees").  However, there is no prohibition against the filing of an answer. See id.; V.R.F.P. 4.0(b)(2)(B)(v) (explaining that defendant in divorce case may, but need not, file answer if he or she waives service of process).[4]  Family Rule 4.0(d)(3) is not in conflict with Rule 41; it merely recognizes that a defendant in a divorce case may fail to file an answer.  However, the failure to file an answer leaves the defendant exposed to potential voluntary dismissal.

¶ 15.    Husband also could have avoided a voluntary dismissal of this proceeding through a method apart from those identified in Rule 41(a)(1)(i) by filing a counterclaim.  A party may only voluntarily dismiss claims that it has filed, so, to the extent that counterclaims, cross-claims, or third-party claims have been asserted within a proceeding, the power to unilaterally dismiss those claims lies with the claimant.  See V.R.C.P. 41(c) (holding that to voluntarily dismiss counterclaims, cross-claims, and third-party claims, "[a] voluntary dismissal by the claimant alone pursuant to [Rule 41(a)(1)(i)] shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing." (emphasis added)).  This process is simplified in the Family Division where a defendant may file a counterclaim, with leave of the

---

[4]  Indeed, the Rules of Civil Procedure, which, as indicated above, generally apply to divorce cases, require that an answer be filed.  See V.R.C.P. 12(a)(1).  The Rules for Family Proceedings have not set aside this requirement.  We do not hold that an answer must be filed in every divorce case.  However, defendants who choose not to file an answer do so at their peril to whatever extent a voluntary dismissal could prejudice their interests.  We refer two questions to the Family Rules Committee for consideration: (1) whether the Rules for Family Proceedings should be amended to clarify the responsive pleading requirements in the Family Division; and (2) whether the civil rules regarding dismissal by notice under Rule 41(a)(1) should apply to cases in the Family Division.

court, at any time before final judgment. V.R.F.P. 4.0(f). We have previously held that it is not error for a court to permit a defendant in a divorce proceeding to "file an oral counterclaim" for divorce at the final hearing. Lyddy v. Lyddy, 173 Vt. 493, 494, 787 A.2d 506, 510 (2001) (mem.). Because only the claimant may voluntarily dismiss a counterclaim and because a counterclaim in family court can, with leave, be filed at any time before final judgment, even orally under certain circumstances, it is apparent that husband could have blunted the effect of wife's voluntary dismissal simply by filing a counterclaim. Husband conceded at oral argument that this was an option.

¶ 16. This case is unlike I.S.C. Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98 (2d Cir. 2012), which husband cites for the proposition that because an answer is not required and motions for summary judgment are not filed in divorce cases, notice of dismissal pursuant to Rule 41(a)(1)(i) is not available. There, the plaintiff, I.S.C., initiated an action in federal court by petitioning to compel the defendant, Nobel, to arbitrate a contract dispute. After protracted litigation, but without the service of an answer or motion for summary judgment by Nobel, I.S.C. filed a Federal Rule 41(a)(1)(i) notice of dismissal of its petition to compel arbitration. The Second Circuit held that Federal Rule 41(a)(1)(i) did not apply to cases arising in the first instance from a petition to compel arbitration. 688 F.3d at 116. The court reasoned that a defendant may not file an answer to such a petition because, by statute, petitions to compel arbitration must be treated as motions, not pleadings. Therefore, the court explained, a motion in opposition, rather than an answer, is appropriate in such cases. Id. at 112 (citing 9 U.S.C. § 6; F.R.C.P. 7(a); F.R.C.P. 12(a)). Unlike petitions to compel arbitration, in Vermont divorce cases, the defendant may file an answer.[5]

---

[5] Because the defendant in a divorce proceeding may file an answer or move for summary judgment—when appropriate—we need not decide here whether to adopt the majority's position in I.S.C. Holding that the unavailability of either an answer or a motion for summary judgment negates a plaintiff's ability to file a Rule 41 notice of dismissal. Compare 688 F.3d at 113-114

8

¶ 17.   Husband also argues that the purpose of Rule 41(a)(1) is to prevent unilateral dismissal when a case has reached an advanced stage of litigation.  He contends that this case should be decided under Harvey Aluminum v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953), where a court vacated a Federal Rule 41(a)(1)(i) notice of dismissal because the case had progressed too far, even though no answer or summary-judgment motion had been served.  We note at the outset that the rationale of Harvey Aluminum—that courts may consider the extent to which a case has advanced in deciding whether to allow a Rule 41(a)(1)(i) dismissal—has been "heavily criticized."  Marex Titanic, 2 F.3d 544, 546 n.3 (4th Cir. 1993) (collecting cases); Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979) ("Harvey Aluminum has not been well received. . . . [S]ubsequent cases have almost uniformly either distinguished Harvey Aluminum, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned.").

¶ 18.   Generally, Vermont Rule 41(a)(1)(i) does not permit consideration of how far a case has advanced where no answer or motion for summary judgment has been served by an adverse party.  It is true that Rule 41(a)(1)(i) was designed to limit the availability of unilateral dismissal to earlier stages of litigation than previously allowed in Vermont practice.  See Reporter's Notes, V.R.C.P. 41 ("The former practice [in Vermont] was that plaintiff could dismiss

_____

(explaining that F.R.C.P. 41(a)(1)(A)(i) provides defendants flexibility to choose between two methods of precluding unilateral dismissal) with id. at 118-19 (Straub, J., dissenting) (arguing that "flexibility to choose" rationale unsupported by legal authority).  We recognize that summary judgment is not a routine course to take in a divorce case.  A final hearing is normally required on the merits for "issues of parental rights and responsibilities, spousal maintenance, child support, maintenance supplement, property distribution, and counsel fees" before initial final judgment may be entered in family proceedings.  See V.R.F.P. 4.0(d)(1)-(3).  But it is neither prohibited nor impossible to move for summary judgment in a divorce, at least on collateral issues.  See, e.g., Condosta v. Condosta, 142 Vt. 117, 119, 453 A.2d 1128, 1129 (1982) (affirming grant of summary judgment to wife on res judicata defense to divorce proceeding); Wiley v. Wiley, 2006 VT 106, ¶ 4, 180 Vt. 421, 912 A.2d 441 (noting husband in divorce proceeding moved for partial summary judgment in attempt to enforce prenuptial agreement); Tschaikowsky v. Tschaikowsky, 2014 VT 83, ¶ 1, 197 Vt. 303, 103 A.3d 943 (reversing denial of summary judgment to husband seeking enforcement of separation agreement in divorce proceeding).  This is enough to distinguish this case from I.S.C. Holding, where the court determined, as a matter of law, that the filing of an answer was impermissible in a case arising from a petition to compel arbitration.  688 F.3d at 116.

9

at any time prior to verdict, subject to the payment of costs."). However, Rule 41(a)(1)(i) has created a bright-line rule for when a case can no longer be dismissed unilaterally. This case never crossed that line.

¶ 19. Even if we were to entertain exceptions to Rule 41(a)(1)(i) by deciding that other litigation benchmarks can serve effectively as an answer or motion for summary judgment for the purposes of Rule 41(a)(1)(i), the facts of this case do not warrant any exception. In Harvey Aluminum, the trial court held a preliminary-injunction hearing, which lasted several days, involved the presentation of a significant volume of testimony, and resulted in the court's conclusion that the plaintiff's likelihood of success on the merits was "remote, if not completely nil." 203 F.2d at 107. The plaintiff then noticed a Rule 41(a)(1)(i) dismissal, but it was vacated on appeal. Id. at 108. Here, in contrast, the trial court held no merits hearing, took no evidence, and gave no indication that plaintiff was unlikely to succeed on the merits. Rather, the court merely oversaw discovery and alternative dispute resolution in a divorce case. None of the milestones relied upon in Harvey Aluminum to conclude that the case there was sufficiently "advanced" to vacate the plaintiff's Rule 41(a)(1)(i) dismissal were reached. Id. at 107-08. We will not extend the reasoning in Harvey Aluminum—which itself has been roundly criticized—to the facts of this case. To do so would eviscerate the bright line created in Rule 41(a)(1)(i).

¶ 20. Last, husband argues that wife is forum shopping, seeking to litigate this matter in Massachusetts because of its purportedly advantageous child-support statute. He asserts that to permit such tactics through the literal reading of Rule 41(a)(1)(i) would produce an absurd result. The reason for a voluntary dismissal, whether to forum shop, avoid sanctions, or simply seek a more convenient (or advantageous) forum, is irrelevant. See Adams v. USAA Casualty Ins. Co., 863 F.3d 1069, 1079 (8th Cir. 2017) ("[A]s long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for doing so are not for us to judge." (quotation omitted)). And although court rules, like statutes, "should be interpreted in a way that avoids absurd results,"

a rule is not absurd simply because it causes an outcome that a court or litigant believes to be "anomalous or perhaps unwise." Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019). Courts may only employ "the canon against absurdity," and thus look beyond the plain text of a rule, where "the alleged absurdity is so clear as to be obvious to most anyone." Id. at 706 (citations and quotations omitted); Judicial Watch, Inc. v. State, 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191 ("Absurd results doctrine should be used sparingly." (citation omitted)). Although the result here may be dissatisfying from husband's perspective, it is not "absurd." It is plainly required by the text of the rule.

Affirmed.

FOR THE COURT:

_____

Associate Justice

11