STATE OF VERMONT

SUPERIOR COURT                                   ENVIRONMENTAL DIVISION
                                                 Docket No. 136-11-15 Vtec

In re Taylor Variance[1]

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Conditional Use (136-11-15 Vtec)

Title:          Motion for Summary Judgment (Motion 1)
Filer:          Diane Dargie
Attorney:       Andrew H. Montroll
Filed Date:     February 5, 2016

Response filed on 03/29/2016 by Andrea Taylor, Appellee
        Opposition
Response filed on 04/22/2016 by Attorney Andrew H. Montroll for Appellant Diane Dargie
        Reply

**The motion is DENIED.**

This matter concerns an application from Andrea Taylor[2] for a "setback exception" for two storage sheds and a deck on her property at 981 Lackie Hill Road in St. Johnsbury, Vermont. The storage sheds are existing, and she proposes to add a deck to the back of her trailer. All three structures would fall within the rear setback for Ms. Taylor's property, and one of the storage sheds would fall within a side yard setback. The St. Johnsbury Development Review Board (DRB) held a hearing to consider her application, characterizing her application as a variance application. The DRB granted a variance, and Appellant Diane Dargie appealed that decision to this Court.[3]

Pending before the Court is Appellant's partial motion for summary judgment, seeking summary judgment on Questions 1 and 5 of her Statement of Questions. Question 1 asks whether Ms. Taylor can be "granted a permit to construct a deck on the back of an existing trailer home and two storage sheds when they are located within the rear and side yard setbacks." In her motion, Appellant argues that the three structures cannot be granted a permit because no possible mechanism in the St. Johnsbury Zoning and Subdivision Code of Ordinances (Zoning Code) excuses the setback violation. Question 5 asks whether Ms. Taylor can be "granted a permit to construct the storage sheds, which are accessory structures and/or uses, where,

---

[1] The Court has amended the caption in this appeal from In re Taylor CU to In re Taylor Variance to better reflect the scope of review, as discussed in this decision.

[2] The original application was signed by Stephen Taylor, presumably a relation of Ms. Taylor and another resident of the property. Andrea Taylor has appeared as the applicant in this appeal.

[3] Facts in this paragraph are taken from exhibits filed with Appellant's motion for summary judgment. The parties do not appear to dispute these facts.

combined with the other accessory structures on the property, exceed [sic] 50% of the area of the principal structure on the property." In her motion, Appellant argues that the proposed structures are not truly accessory structures (and therefore not a permitted use) because they cumulatively exceed 50% of the floor area of Ms. Taylor's trailer.

We are a court of appellate jurisdiction. While we review municipal panels' decisions de novo, the scope of our review, and thus our subject matter jurisdiction, is confined to those issues the municipal panel below had the authority to address when considering the original application. See In re Transtar LLC, No. 46-3-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 24, 2012). While Ms. Taylor has not argued that Appellant's arguments are outside our subject matter jurisdiction, the Court has the power (and duty) to raise its lack of subject matter jurisdiction sua sponte, regardless of how the issue comes to the Court's attention. In re G.R. Enters., Inc., No. 27-2-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 12, 2008).

Appellant's questions and her motion are premised on the idea that Ms. Taylor has been "granted a permit to construct" her proposed structures. She has not. Ms. Taylor applied for a "setback exception" for her storage sheds and proposed deck. The DRB treated that application as an application for a variance, and granted the request. A variance alone does not authorize Ms. Taylor to begin construction, and there is no indication that Ms. Taylor has applied for or received any other approvals. Thus, the only issue in this appeal is whether Ms. Taylor is entitled to a variance. Whether the structures violate some other provisions of the Zoning Code may become relevant in the future, should Ms. Taylor apply for other approvals.

Because both Questions 1 and 5 ask whether the Ms. Taylor may be "granted a permit to construct" the storage sheds and deck, and because that issue is not within the scope of this appeal, we **DENY** Appellant's motion for summary judgment.

As mentioned above, Appellant argues in her motion, under Question 1, that Ms. Taylor is not entitled to a zoning permit because the application does not qualify for an exception to the setback requirements under any mechanism in the Zoning Code—waiver, conditional use, or variance. With regard to variances, Appellant argues that Ms. Taylor is not entitled to a variance because she did not explicitly apply for one and because she did not include commentary demonstrating compliance with the variance criteria with her application, as required by Section 206 of the Zoning Code. While these arguments are relevant to the issue before the Court— namely, whether Ms. Taylor qualifies for a variance—they do not allow us to grant summary judgment under Question 1 in Appellant's favor, since Question 1 ultimately asks a question that is outside our scope of review.

In light of our decision that this appeal is limited to the question of whether Ms. Taylor is entitled to a variance, the Court **DISMISSES** Questions 1, 2, 3, and 5[4] as outside the scope of our review. See Gerdel v. Gerdel, 132 Vt. 58, 65 (1973) ("[A] court will dismiss a cause at any stage, whether moved by the party or not, when it is discovered that it has no jurisdiction.").

---

[4] Questions 1 and 5 are discussed above. Question 2 asks whether Ms. Taylor can be granted a "setback conditional use waiver" for her structures, and this is outside the scope of this appeal. Question 3 asks whether Ms. Taylor "can be granted a permit to construct the deck and storage sheds without seeking a variance," given that Ms. Taylor's lot size is non-conforming. This Question is moot because Ms. Taylor is seeking a variance in the present matter.

Pursuant to the enclosed notice, the Court sets a status conference to discuss next steps in this matter.

**So ordered.**

Electronically signed on July 12, 2016 at 10:16 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
Andrew H. Montroll (ERN 5290), Attorney for Appellant Diane Dargie
Kyle C. Sipples (ERN 2343), Attorney for Interested Person Town of St. Johnsbury
Appellee Andrea Taylor